F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

rEb 1 0 2005

GREGORY C. LANGHAM
CLF?

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05—N—153 (MJW)
DAVID HABECKER,

Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO; JOHN BAUDEK,
MAYOR OF THE TOWN OF ESTES PARK, COLORADO; VICKIE O'CONNOR, TOWN
CLERK OF THE TOWN OF ESTES PARK, COLORADO; DEWEY SHANKS, MEMBER,
PETITIONER'S COMMITTEE TO RECALL HABECKER; NORMAN D. PRITCHARD,
MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; AND RICHARD H.
CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,
Defendants.

---

## ANSWER TO COMPLAINT

---

## I. JURISDICTION

1. The claims for relief and causes of action alleged arise under 42 U.S.C. § 1983, Article
   Six of the United States Constitution, the First and Fourteenth Amendments to the
   United States Constitution, and Article II, Section 4 of the Colorado Constitution.
   Additional claims related to Jurisdiction, claim justification, and relief basis resides
   under I. on the title page 1, of the VERIFIED COMPLAINT.

## II. VENUE

2. No immediate objection.

### III. PARTIES

3. No immediate objections for lines 3–8.

### IV. FACTS

9. Defendants request clarification and definition of the term <u>agnostic</u> versus a similar term <u>atheist</u>, which are terms often confused, and misused.

10. No immediate comments at this time.

11. Defendants request clarification of each election, i.e. were they all open poll elections, successions, appointments, and/or by default?

12. That the Town Board of Trustees function "like" a corporation's board of directors appears more a simile, in this comparison. The comparison in this government form, style and function becomes distorted from corporate operations in areas such as accountability, responsibility, authority, communication, and openness to outsiders. Perhaps the author may choose to use the term "metaphor", in the future.

13. No comment is necessary; the scene adequately describes the entanglement of which Defendants were merely spectators.

14. The author compounds Defendant's confusion with the phrase "…it violates his religious convictions," Once more, Defendants remain confused with an admission in IV. (9), that Mr. Habecker claims agnosticism. At last review, one member of the Defendant group claims knowledge that religiosity clearly recognizes a deity, and, in fact, openly pays homage and reverence to that being. Habecker considers the recall an infringement, and in violation, of his right to free exercise of religion, when, by his own

2

definition, he has no religious convictions.

Further, that he conscientiously considers the phrase is at odds with our

Constitutional system of *secular* Government. Granted, the Constitution takes great care to assure that our "system" is indelible to undue influence by organized deity driven groups or philosophies. For purposes of pragmatism, we will assume the vernacular definition of <u>secular</u> will be accepted here, (vis-à-vis the gravity of this exercise), although it may not fulfill the entire hermeneutic meaning. Happily, the action created a freedom for all persons to practice, profess, invent, ignore, and simply exist without the oppression other peoples of the world suffer under, without recourse.

Lastly, the author states "Habecker showed no disrespect. He simply sat passively until the pledge had been recited." Apparently, some observers do not share this empirical interpretation and serves to form the actual scenario presented during, after, and to come, regarding the original and persisting offensiveness viewed by the public.

15. News of threats made on Habecker and his business comes as shocking and unacceptable. These spontaneous actions by unknown persons we find abhorrent, especially at a time when the townspeople struggle to improve our image and maturity. We respectfully request full disclosure of these threats, and will join Habecker, at his side in defense, and prosecution of the perpetrators with vigor and zeal.

16. At the request of several commoners within the citizenry as a whole, Defendants Shank, Pritchard, and Clark were solicited to investigate and implement actions necessary to initiate formal recall of Trustee Habecker, on the basis, they did not regard him as fit to represent their expectations of a model government leader. We

3

proceeded with the research necessary, and drafted the following text for a recall summary statement included in a legal recall petition:

### SUMMARY OF PROPOSED RECALL OF TRUSTEE MR. DAVID HABECKER

Electors suffer loss of confidence in Mr. Habecker's ability to represent citizens' national pride, patriotism, and common decency. Prior to Town Board of Trustees meetings, he purposefully and irreverently chooses to sit publicly, facing away from the flag of the United States, during recital of the Pledge of Allegiance. His defiant behavior occurs because the phrase "...under God..." offends him. He states he intends to continue until the United States Congress strikes the phrase from the Pledge of Allegiance.[2]

Habecker failed to reveal this violation of his principles during campaigns for election. We consider this omission a deliberate tactic to assure voter ballots towards his election. We consider this tactic unethical and unacceptable.

We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct. His vital beliefs regarding church/state personal conflicts were not revealed at the critical time of election. We do not regard these actions, omissions or motivations honorable, and demand his removal from this elected position.

---

1   Habecker categorically denies that he faced away from the flag or engaged in any conduct of an "irreverent nature. Please see original and subsequent photos as unfalsified documentation. He also denies withholding his views during his campaign for election in 2002. See IV. (11), above.

2   Relevance of Habecker's argument with the U.S. Congress, and his future intentions in this situation appear moot and possibly as a deflective tactic.

17. As stated.

18. As stated.

## V. CLAIM FOR RELIEF

19. Amendment I  states that "CONGRESS SHALL MAKE NO LAW RESPECTING AN

ESTABLISHMENT OF RELIGION, OR PROHIBITING THE FREE EXERCISE

THEREOF; OR ABRIDGING THE FREEDOM OF SPEECH, OR OF THE PRESS; OR

THE RIGHT OF THE PEOPLE PEACEABLY TO ASSEMBLE , AND TO PETITION

THE GOVERNMENT FOR A REDRESS OF GRIEVANCES." Habecker's argument is

with the Congress when he states "This pledge constitutes and Establishment of Religion

in violation of the Amendment One to the United States Constitution." Congress passed

the law, Mr. Habecker, Estes Park Trustees did not! Congress meets in Washington D.C.

20. Please re-read number 19.

21. Plaintiff Habecker is NOT being recalled for exercising his right to refrain from reciting the pledge of allegiance at an official government function. Please re-read, or have someone read for you, the lines from the SUMMARY RECALL:

**"We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct."**

22. Sentence one is redundant. Sentence two takes us back to the confusion demonstrated in number 14.

23. Excuse our ignorance, we fail to see when where and how any person, persons, or instruments were ever presented as a religious test or any other test, for that matter (interesting thought, however) in order to qualify for this position.

24. Actually, II.(4.) of the Colorado Constitution, reads quite well! It appears to be in concert with what we are saying..."but the liberty of conscience hereby secured shall not be construed to dispense with oaths or affirmations, excuse acts of licentiousness or justify

practices inconsistent with the good order, peace or safety of the state." It surely does not seem prudent to use this in your offense, but please do so.

25. If Colorado Revised Statute §1-12-103 is indeed unconstitutional, that is between you and the Colorado Legislature and is inappropriate for this exercise*.

26. Again, we ask you to have someone with adequate reading comprehension skills to read and explain the RECALL SUMMARY. THIS HAS NOTHING TO DO WITH HABECKER'S RELIGIOUSITY, FREEDOM OF SPEECH, DEMANDING HIM TO PASS A TEST OF ANY KIND, HE HAS NOT DONE ANYTHING TO INDICATE MALFEASANCE IN OFFICE, OR ANY OTHER REGULATORY INFRACTION.

THE RECALL IS BASED ON HABECKER'S PHENOTYPICAL PROTEST BEHAVIOR WHICH IS NOT IN KEEPING WITH THE HIGH STANDARDS OF PUBLIC CONDUCT, RESPECT FOR OTHERS, REPRESENTATIVE LEADERSHIP, PROFESSIONALISM, AND MATURE RESPECTFUL PRESENTATION DURING OFFICIAL, FORMAL, GOVERNMENTAL SESSIONS.

*Note: The following may provide interesting fodder for those thinking the U.S. Constitution and the **Colorado Constitution** are fully synchronized:

### PREAMBLE

We, the people of Colorado, with profound reverence for the Supreme Ruler of the Universe, in order to form a more independent and perfect government; establish justice; insure tranquility; provide for the common defense; promote the general welfare and secure the blessings of liberty to ourselves and our posterity, do ordain and establish this constitution for the "State of Colorado".

Exacerbating the situation, his radio, television, and newspaper testimonies inadvertently served as self-deprecation, rather than serve his intended offense.

### Plaintiff requests for relief:

A. This is a Court v. Habecker decision.

B. This is a Court v. Board of Trustees and Mayor decision.

C. We beg the Court's wisdom and good judgment to discover the obvious absence of any references related to free speech and freedom from religion, in this recall. The recall finds basis solely on those attributes (or lack of same) identified in number 26, above.

D., E., F., all as argued above.

G., H., I.   Pursuant to responses presented, Defendants move to dismiss all charges and implications made by the Plaintiff
OWING TO THE CURIOUS FACT MR. WHITE DOES NOT CONSIDER THE RECALL COMMITTEE BELONGS TO THE TOWN OF ESTES PARK, AND DOES NOT REPRESENT US IN THIS MATTER, WE RESPECTFULLY REQUEST THE COURT TO ORDER THAT HE PAY FOR ANY AND ALL EXPENSES INCURRED BY THE COMMITTEE IN THIS MATTER.

*Richard H Clark* 02-10-05

*Norman Pritchard* 02/10/05

8