

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-153 (MJW)

DAVID HABECKER,

Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

Defendants.

---

## DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR'S RESPONSE BRIEF TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

---

Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado ("Town Defendants") through undersigned counsel, respectfully submit their Response Brief to Plaintiff's Motion for Preliminary Injunction as follows.

1

## BACKGROUND

David Habecker is a Trustee with the Town of Estes Park, Colorado. The Town of Estes Park is a municipality. Trustees are elected by municipal electors.

Defendants Shanks, Pritchard, and Clark formed a committee to recall Mr. Habecker ("Committee Defendants"). The Town Defendants have no affiliation with the Committee Defendants.

On November 24, 2004, a Recall Petition was submitted by the Committee Defendants to Vickie O'Connor as Town Clerk for the Town of Estes Park. In compliance with statutory provisions, on December 8, 2004 Ms. O'Connor issued a Certificate of Sufficiency of the Recall Petition. C.R.S. §31-4-503(3)(a).

Pursuant to statute, the Recall Petition was submitted by Ms. O'Connor to the Town Board of Trustees ("Board") on December 14, 2004. C.R.S. §31-4-503(4). At the December 14, 2004 meeting, in accordance with statutory procedural requirements, the Board set February 15, 2005 as the date for the recall election. C.R.S. §31-4-503(4).

Plaintiff seeks an order from this Court enjoining the Defendants from:

(1) conducting an election to recall David Habecker as a Town Trustee of the Town of Estes Park, Colorado.

Plaintiff agreed to withdraw his request for a preliminary injunction enjoining the Town from including the pledge of allegiance as part of the official business at meetings of the Town's Board of Trustees.

The Town Defendants take no position on the recall election.

2

## ARGUMENT

**Applicable Law**

The Colorado statute that governs the recall of elected municipal officials is found at C.R.S. § 31-4-501, *et seq.*[1] Pursuant to C.R.S. § 31-4-502(1)(a)(I), the "electors shall be the sole and exclusive judges of the legality, reasonableness, and sufficiency of the grounds assigned for recall, and said grounds shall not be open to review."

The recall statute sets forth ministerial procedures that are to be performed by the town clerk and governing board of the municipality. The statutory duties conferred upon the municipal clerk and governing body are ministerial only. *See, e.g.,* C.R.S. § 31-4-502(a)(I) (petition shall be filed in the office of the municipal clerk); §31-4-502(c) (clerk shall approve or disapprove a petition as to form); §31-4-503(3)(a) (clerk shall issue written determination that recall petition is sufficient or not sufficient in form); §31-4-503(4) (if petition sufficient, clerk shall submit petition to governing body, and governing body shall fix a date for the recall election); §31-4-504 (clerk shall give notice of election at least ten days before election).

Plaintiff has not claimed that there are any procedural deficiencies with the challenged recall election. Rather, Plaintiff claims that the substantive provisions of the recall statute are unconstitutional, and that a preliminary injunction should be entered prohibiting the election from occurring. The Town Defendants assert no position on the recall election.

WHEREFORE, Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and

---

[1] Plaintiff incorrectly asserts that the "recall election is governed by the provisions of Colorado Revised Statutes §1-12-101 *et seq.*" See Plaintiff's Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at ¶ 10. The recall statute cited by Plaintiff does not apply to municipal elections.

Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado state that they take no position on Plaintiff's Motion for Preliminary Injunction, in which Plaintiff seeks a preliminary injunction enjoining the conducting of an election to recall David Habecker as a Town Trustee of the Town of Estes Park, Colorado.

Respectfully submitted,

*(signature)*
Steven J. Dawes

*(signature)*
Melinda L. Sanders

Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 550
Denver, Colorado 80202
Telephone: 303-298-1601
Facsimile: 303-298-1627

*Attorneys for Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado*

4

## AMENDED CERTIFICATE OF SERVICE

The undersigned herein certifies that on this 10th day of February, 2005, a true and complete copy of the foregoing **DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR'S RESPONSE BRIEF TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was placed in the U.S. mail, first class postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO 80231

Gregory A. White, Esq.
1423 West 29th St.
Loveland, CO 80538

Dewey Shanks
P.O. Box 635
Estes Park, CO 80517

Norman D. Pritchard
P.O. Box 4659
Estes Park, CO 80517

Richard H. Clark
P.O. Box 453
Estes Park, CO 80517

*Christie F Doty*

5