

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2005 FEB 18 PM 1:11

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-153 (MJW)

DAVID HABECKER,

Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

Defendants.

## ANSWER AND JURY DEMAND OF DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR

Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado ("Defendants"), by and through their undersigned counsel, respectfully submit their Answer to Plaintiff's Verified Complaint ("Complaint") as follows.

1. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 1 of the Complaint and therefore deny the same.

1

2. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 8 of the Complaint and therefore deny the same.

9. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 9 of the Complaint and therefore deny the same, except that Defendants admit that Plaintiff is a resident of the Town of Estes Park, Colorado.

10. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 10 of the Complaint and therefore deny the same.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. With respect to the allegations contained in paragraph 12 of the Complaint, Defendants admit that there are six Town Trustees, plus the Mayor, which form the Board of Trustees, and that the Mayor votes only in the case of ties. Defendants admit that the Board of Trustees establishes budgets, appropriates funds, and sets policy for the Town. Defendants admit that the Board of Trustee has the authority to hire and fire the Town Manager and Town Attorney. Defendants deny all allegations of said paragraph other than the foregoing.

13. With respect to the allegations contained in paragraph 13 of the Complaint, Defendants admit the allegations of the first three sentences of said paragraph. Defendants are without sufficient information and knowledge to form a belief as to the remaining allegations in the last two sentences of paragraph 13 and therefore deny the same.

14. Defendants are without sufficient information and knowledge to form a belief as to the allegations in paragraph 14 of the Complaint and therefore deny the same.

15. With respect to the allegations in paragraph 15 of the Complaint, Defendants admit that Lori Jeffrey-Clark is a Town Trustee. Defendants admit that at the meeting on September 28, 2004 Ms. Jeffrey-Clark put enlarged copies of currency before each Trustee's place on the bench. Defendants admit that a group of Webelo Scouts attended that meeting. Defendants admit that Ms. Jeffrey-Clark spoke out about Mr. Habecker, but Defendants are without sufficient information or knowledge to confirm or deny the nature of the comments made by her. Defendants are without sufficient information or knowledge to form a belief as to all allegations in paragraph 15, other than as set forth in the foregoing, and therefore deny the same

16. With respect to the allegations contained in the first sentence of paragraph 16 of the Complaint, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations of said sentence and therefore deny the same. With regard to the allegations in the second sentence of paragraph 16, Defendants state that the petition speaks for itself, and Defendants deny all allegations inconsistent with the express provisions of the petition. With respect to all other allegations, including the allegations in the footnote 1 of

3

paragraph 16, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations and therefore deny the same.

17. Defendants admit the allegations of paragraph 17 of the Complaint.

18. With regard to the allegations of paragraph 18 of the Complaint, Defendants admit that Ms. Vickie O'Connor, the Town Clerk, is responsible for conducting a recall election. Defendants deny all other allegations of said paragraph.

19. With respect to the allegations contained in paragraph 19 of the Complaint Defendants state that the statute speaks for itself, and Defendants deny all allegations inconsistent with the express provisions of the statute. Defendants deny all allegations of paragraph 19 other than the foregoing.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. With regard to the allegations of paragraph 21 of the Complaint, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore deny the same.

22. With regard to the allegations of paragraph 22 of the Complaint, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore deny the same.

23. With regard to the allegations of paragraph 23 of the Complaint, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore deny the same.

24. With regard to the allegations of paragraph 24 of the Complaint, Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations and therefore deny the same.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants are without sufficient information and knowledge to form a belief as to the truth of the allegations contained in paragraph 26 and therefore deny the same. Defendants deny that Plaintiff is entitled to damages as set forth in paragraph 26.

27. Defendants deny that Plaintiff is entitled to the relief set forth in the WHEREFORE paragraph, on pages 6 and 7 of the Complaint, including subparagraphs A through I. Defendants deny that Plaintiff is entitled to any relief against the Defendants.

28. Defendants deny all allegations of violations of any Federal or Colorado Constitution or statute, and Defendants deny all allegations of improper acts or omissions.

29. Defendants deny all allegations not otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state claims upon which relief can be granted against these Defendants.

2. The relief sought by Plaintiff in his Complaint seeks to infringe upon the First Amendment rights of the Defendants.

3. To the extent of the Plaintiff has asserted any state law claims, Plaintiff's claims and damages, if any, are barred by, subject to, and limited by the Colorado Governmental Immunity Act, §§ 24-10-101, *et seq.*, C.R.S.

5

4. Plaintiff's claims and damages, if any, were proximately caused by the acts or omissions of Plaintiff.

5. Plaintiff's claims and damages, if any, were proximately caused by the improper acts or omissions of others over whom Defendants have no control nor right of control.

6. To the extent Plaintiff is asserting any state law claims, Plaintiff's claims and damages, if any, are subject to §§ 13-21-111.5, 13-21-111.6, and 13-21-102.5, C.R.S.

7. Plaintiff has failed to mitigate reasonably his alleged damages, if any.

8. Plaintiff's claims are barred by the doctrine of qualified immunity.

9. Plaintiff's claims are barred by, subject to, and limited by the Charter, ordinances, and applicable laws of the Town of Estes Park.

10. Plaintiff's First Amendment claim is barred because it does not involve a matter of public concern.

11. This Court lacks subject matter jurisdiction over Plaintiff's claims.

12. Plaintiff's claims are barred by, subject to, and limited by the First Amendment to the United States Constitution.

13. Plaintiff's claims are barred by, subject to, and limited by Article II, §10 of the Colorado Constitution.

14. Plaintiff has failed to join a party under Fed. R. Civ. P. 19.

15. Defendants are entitled to an award of attorney fees under 42 U.S.C. § 1988; §§ 13-17-101, and 201, C.R.S.; and § 24-10-110, C.R.S.

16. Defendants reserve the right to add additional affirmative defenses upon completion of discovery and investigation.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, with prejudice, and that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their attorney fees, costs, expenses, interest, and such other and further relief as this Court deems just and necessary.

## JURY DEMAND

Defendants hereby demand a trial to a jury of no less then 6 persons as to all issues so triable.

Respectfully submitted,

*(signature)*
Steven J. Dawes
Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 550
Denver, Colorado 80202
Telephone: 303-298-1601
Facsimile: 303-298-1627

*Attorneys for Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado*

## CERTIFICATE OF SERVICE

The undersigned herein certifies that on this 18th day of February, 2005, a true and complete copy of the foregoing **DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR'S ANSWER AND JURY DEMAND** was placed in the U.S. mail, first class postage prepaid, addressed as follows:

Gregory A. White, Esq.
1423 W. 29th St.
Loveland, CO 80538

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO 80231

Dewey Shanks
P.O. Box 635
Estes Park, CO 80517

Norman D. Pritchard
P.O. Box 4659
Estes Park, CO 80517

Richard H. Clark
P.O. Box 453
Estes Park, CO 80517

*Christie F Doty*