IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-N-153 - MJW

DAVID HABECKER,

    Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER
NORMAN D. PRITCHARD, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER

    Defendants.

---

## MOTION TO RECONSIDER OF DEFENDANTS NORMAN D. PRITCHARD AND RICHARD H. CLARK

---

CERTIFICATION PURSUANT TO D.C. COLO. LCivR 7.1

The undersigned certifies that he has, before filing this motion, conferred with opposing counsel and that counsel for Plaintiff opposes the relief requested herein.

DEFENDANTS Norman D. Pritchard and Richard H. Clark, members of the Committee to Recall Habecker (collectively the "Recall Committee"), by their attorneys, Hayes, Phillips, Hoffmann & Carberry, P.C., move this Court to reconsider its entry of a preliminary injunction prohibiting the holding of an election for the recall of Plaintiff David Habecker, to vacate the injunction and to allow a recall election to proceed, and as cause therefore state as follows.

## INTRODUCTION

On February 10, 2005, following a hearing, this Court entered its order enjoining the Town of Estes Park (the "Town" or "Estes Park") from holding an election for the recall of David Habecker, a member of the Estes Park Board of Trustees.

In issuing its preliminary injunction, the Court specifically noted its concern that only one side to the dispute, Habecker, had provided the Court with briefing on the legal issues presented. This was so because the Town, on the day of the hearing, announced that it was "neutral" and that the Town defendants "take no position" as to whether the recall election should be enjoined. This astonishing abdication of the Town's responsibility to defend its own electoral process caught both the Recall Committee and apparently the Court off guard.

Immediately following the hearing and the Court's ruling, the Recall Committee, realizing that it could not rely on the Town to defend the constitutionality of its own actions in calling and scheduling the recall election, retained the undersigned legal counsel. The Recall Committee respectfully submits that had the Court had the benefit of legal briefing on the applicable law from both sides of the dispute, it would have concluded that no preliminary injunction should issue. Accordingly, the Recall Committee respectfully requests that the Court reconsider its previous ruling and vacate the preliminary injunction.

## FACTS

The facts in this case are largely undisputed and can be summarized as follows:

1. On November 24, 2004, petitions for the recall of David Habecker, a member of the Estes Park Board of Trustees, were submitted to the Estes Park Town Clerk (the "Recall Petition"). A sample copy of one section of the Recall Petition is attached as **Exhibit A**.

2. As required by C.R.S. § 31-4-503(3) and (4)[1], the Estes Park Town Clerk reviewed the Recall Petition and, on December 2, 2004, issued her written determination that the Recall Petition was sufficient and certified her finding of Sufficiency to the Estes Park Board of Trustees.

3. On December 14, 2005, the Estes Park Board of Trustees, pursuant to C.R.S. § 31-4-503(4) called a special municipal election on the question of the Habecker's recall for Tuesday, February 15, 2005.

4. Habecker filed this action on January 28, 2005, and on February 10, 2005, this Court entered a preliminary injunction prohibiting the holding of the February 15 recall election.

## ISSUE PRESENTED

Has Habecker established, by clear and convincing evidence, each of the elements required for the issuance of a preliminary injunction?

## SUMMARY OF ARGUMENT

Plaintiff Habecker has failed to establish <u>any</u> of the elements necessary to the issuance of a preliminary injunction, as will be discussed below, but most importantly he has failed to establish a substantial likelihood of success on the merits of his claim.

The right to recall public officials is a fundamental right. It is specifically reserved to the people of the State of Colorado by the state constitution and is protected by the First Amendment guarantee of the right to petition for redress of grievances.

---

[1] Habecker states that "Colorado Revised Statutes 1-12-101, *et seq.*, applies to the recall at issue." Memorandum in Support of Motion for Preliminary Injunction ("Plaintiff's Brief"), p. 5. This is incorrect. Recall of municipal officials such as Habecker is governed by C.R.S. § 31-4-501, *et seq.*

3

Recall is a political process. Thus, the Colorado Constitution and an unbroken line of judicial authority holds that the sufficiency of the grounds for recall is left exclusively to the electorate and is not subject to judicial review or intervention.

Habecker's argument that his conduct and activities regarding the Pledge of Allegiance are constitutionally protected is utterly beside the point. Protected political or religious expression is not, and has never been, immunized from acceptance or rejection by the electorate. The fundamental purpose of the political process is to subject the ideas, beliefs and speech of candidates and officials to evaluation by the voters. Plaintiff's suggestion that protected speech cannot form the basis for a recall defies logic and is entirely without legal support.

## ARGUMENT

"The Supreme Court has observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant *by a clear showing*, carries the burden of persuasion." *O Centro Espirata Beneficienta Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (Emphasis in original).

The elements for the issuance of a preliminary injunction are well-settled and are not disputed. "In order to obtain a preliminary injunction, a movant must establish (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to the movant outweighs the injury that the opposing party will suffer under the injunction; and (4) that the injunction would not be adverse to the public interest. *Utah Licensed Beverage Assoc. v. Leavitt*, 256 F.3d 1061, 1065 (10th Cir. 2001).

Each of these elements will be separately addressed.

**1.     Plaintiff David Habecker has failed to establish a probability of success on the merits of his claim.**

In order to meet his burden as to this first and most critical element, Plaintiff must make the clear legal showing that constitutionally protected speech may not form the basis for the recall of an elected official. This he cannot do.

**A.     Recall is a fundamental right.**

The right to recall elected local officials is specifically reserved to the people of Colorado by Article XXI, Sections 1 and 2 of the Colorado Constitution. The Colorado Supreme Court has frequently reaffirmed the important and basic nature of this reserved right.

> The rule is well-established in this state that the right of recall is a fundamental right of the people. Statutes governing the exercise of the power to recall are to be liberally construed in favor of the ability to exercise it, and any limitations on that power must be strictly construed. *People v. McPherson*, 191 Colo. 81, 550 P.2d 311 (1976); *DiManna v. Election Commission of the City and County of Denver*, 187 Colo. 270, 530 P.2d 955 (1975); *Bernzen v. City of Boulder*, 186 Colo. 81, 525 P.2d 416 (1974); *Brooks v. Zabka*, 168 Colo. 265, 450 P.2d 653 (1969).

*Hazelwood v. Saul*, 619 P.2d 499, 500-01 (Colo. 1980).

The right of recall resides in the electors. It is reserved by them in the Colorado Constitution, not granted by government.

> We view recall, as well as the initiative and referendum, as fundamental rights of a republican form of government which the people have reserved unto themselves.

*Bernzen*, 525 P.2d at 419.

The ability to remove unsatisfactory officials is not just reserved to Colorado's electors by the Colorado Constitution but is protected by the First Amendment to the United States Constitution.

> All parties agree that the recall petitions were the result of dissatisfaction of citizens of the Town of Buena Vista. *See Bernzen v.*

5

> *City of Boulder*, 186 Colo. 81, 525 P.2d 416 (1974) (dissatisfaction of electorate official basis for recall). To remedy this dissatisfaction, as plaintiffs conceded in their brief in opposition to the motion for summary judgment, defendants participated in petitioning activities that fall within the First Amendment. *See also Groditsky v. Pinckney*, 661 P.2d 279 (Colo. 1983) (power of recall is fundamental right).

*Lockett v. Garrett*, 1 P.3d 206, 211 (Colo. App. 1999).

Thus, Plaintiff has asked this Court to enjoin the exercise of one of the most fundamental and basic rights enjoyed by the people of Colorado protected by both the federal and state constitutions.

**B.    Recall is a political process and the grounds for recall are not subject to judicial review or intervention.**

In reserving the right of recall to local electors, the framers of the Colorado Constitution explicitly provided that the grounds or reasons for recalling an elected official are exclusively the province of the electors and are not subject to judicial scrutiny.

> . . . such [recall] petition shall contain a general statement, in not more than two hundred words, of the ground or grounds on which such recall is sought, which statement is intended for the information of the electors, and <u>the electors shall be the sole and exclusive judges of the legality, reasonableness and sufficiency of such ground or grounds assigned for such recall, and said ground or grounds shall not be open to review.</u>

Art. XXI, § 1, Colo. Const. (emphasis added).

Section 2 of Article XXI amplifies the limitation on judicial review.

> The finding as to the sufficiency of any petition may be reviewed by any state court of general jurisdiction in the county in which such petition is filed . . . The sufficiency, or the determination of the sufficiency, of the petition referred to in this section shall not be held, or construed, to refer to the ground or grounds assigned in such petition for the recall of the incumbent sought to be recalled from office thereby.

In *Bernzen v. City of Boulder*, *supra*, the Colorado Supreme Court held that even a local charter allowing judicial review of the stated grounds for recall of a city council member fell before the above-quoted prohibition against judicial intervention.

6

> The limitations on judicial review of the grounds for recall set out above make it clear that the recall intended by the framers of the Colorado Constitution is purely political in nature.
>
> . . . .
>
> Thus, Colorado is not a state in which official misconduct is necessarily required as a ground for recall. Rather, the dissatisfaction, whatever the reason, of the electorate is sufficient to set the recall procedures in motion [cites omitted]. The framers, by requiring that a recall petition contain the signatures of at least 25% of all votes cast in the last election for all candidates for the position which the person sought to be recalled occupies, assured that a recall election will not be held in response to the wishes of a small and unrepresentative minority. However, once at least 25% of the electorate have expressed their dissatisfaction, the constitution reserves the recall power to the will of the electorate. Courts of law are not to intercede into the reasons expressed by the majority.

*Bernzen*, 525 P.2d at 418-19.

In *Groditsky v. Pinckney*, 661 P.2d 279 (Colo. 1983), the Colorado Supreme Court explained that "[a] recall provision in a constitution is intended as a reservation in the people of the power to recall any official without judicial interference." 661 P.2d at 282. Recall, unlike impeachment, requires no showing of misconduct, but is based exclusively on voter dissatisfaction.

> Recall, on the other hand, may be used for a purely political reason. The purpose underlying recall of public officials for political reasons is to provide an effective and speedy remedy to remove an official who is unsatisfactory to the public and whom the electors do not want to remain in office, regardless of whether the person is discharging his or her duties consistent with his or her ability and conscience.

*See also, Groditsky*, 1 pp.3d at 211, 661 P.2d at 283.

As applied to this case, Plaintiff Habecker asks this Court to scrutinize not only the grounds for his recall, but the motives of the proponents. This request flies in the face of the specific language of the Colorado Constitution and controlling Colorado precedent reserving the evaluation of the grounds for recall solely and exclusively to the electorate

7

### C.     Habecker is not immune from recall.

The essence of Plaintiff Habecker's argument is this: while the courts may not review the grounds for recall, the courts may enjoin a recall election if the basis is the recalled official's constitutionally protected speech or conduct. In other words, although the Colorado Constitution states explicitly that "[t]he electors shall be the sole and exclusive judges of the legality, reasonableness and sufficiency of such ground or grounds assigned for such recall, and said ground or grounds shall be not open to review," the courts must, nonetheless, review the grounds and indeed the motives of the recall proponents for constitutional purity.

Plaintiff offers not one single case or other authority in support of this proposition, because none exists.

As the *Groditsky* court states, the purpose of recall is "to provide an effective and speedy remedy to remove an official who is unsatisfactory to the public." The obvious truth is that the basis of such public dissatisfaction is almost always constitutionally protected speech or conduct. If an elected official speaks out against a popular public project, changes party affiliation, votes in favor of a leash law, or publicly advocates lowering the drinking age, his or her speech is undoubtedly protected. This does not, however, preclude a dissatisfied electorate from exercising its reserved power of recall to remove him or her from office. To hold that no official can be recalled for taking unpopular but constitutionally protected positions quite simply abolishes recall as a constitutional right.

In short, Habecker has a constitutional right to sit during the recitation of the Pledge of Allegiance. He does not, however, have any constitutional right to continue to represent voters who vehemently disagree with him. The reasons for his removal are, as a matter of law,

irrelevant. This point was made in *Gordon v. Leatherman*, 450 F.2d 562, 567 (5th Cir. 1972), a case cited by Habecker, in which the court stated:

> [T]here is a fundamental difference between the expulsion or removal of a public official by the state and that same activity by the voters. ... Any governmental body is required to act fairly, but that is not true as to a voter. Insofar as the United States Constitution is concerned, an elector may vote for a good reason, a bad reason, or for no reason whatsoever. That principal applies to recall elections as it does to all other elections

There is simply no legal authority for the proposition that Habecker is immune from recall by the voters of Estes Park under the facts of this case. Had Habecker found any such authority, he would certainly have provided it to the Court. Instead, the cases are clear and consistent that recall of public officials is a fundamental right guaranteed by both the Colorado Constitution and the First Amendment, that it is a purely political process not subject to judicial scrutiny, and that it may be based on "a good reason, a bad reason, or for no reason whatsoever." *Id.* Habecker has filed to meet his burden of establishing a likelihood of success on the merits of his claim.

**D.    The religious test clause of Article VI of the Constitution is not relevant to this case.**

Plaintiff appears to characterize the Pledge as a religious test, and argues that being subjected to recall for declining to recite the Pledge is "punishment for failing a religious test in violation of Article VI of the United States Constitution." [2] This argument fails for several reasons.

First, as Plaintiff acknowledges, there is absolutely no authority supporting the proposition that Article VI, Clause 3 of the United States Constitution is applicable to the states (and local governments) through application of the Fourteenth Amendment. Instead, the United

9

States Supreme Court in *Torcaso v. Watkins*, 367 U.S. 488,, 489, fn. 1 (1961) specifically declined to address the issue. Second, as a practical matter, courts have "usually resolved questions which could arise under Article VI under the First Amendment." *See State of Idaho v. Freeman*, 507 F.Supp. 706, 729 (D.C. Idaho 1981) (citing *Albington School District v Schempp*, 374 U.S. 203 (1963).

Perhaps more importantly, the recitation of the Pledge of Allegiance simply cannot be construed as a religious test. If anything, the Pledge is an example of a permissible acknowledgement of this country's religious heritage, and a tolerable acknowledgement of beliefs widely held in this country. *See Marsh v. Chambers*, 463 U.S. 783, 795 (1983) (Nebraska legislature's practice of beginning each session with a prayer not violative of the Establishment Clause) and *Lynch v. Donnelly*, 465 U.S. 668, 676 (1984) (historic practice of employing congressional chaplains not violative of the Establishment Clause). If the Pledge of Allegiance is a religious test, so too is the practice of the United States Supreme Court and other courts when they invoke the name of God in saving the honorable Court. This simply cannot be the law.

**2.  Habecker has failed to establish that he will suffer irreparable harm in the absence of a preliminary injunction.**

Plaintiff Habecker, by way of attempting to establish irreparable harm, argues that "[i]f the recall is allowed to proceed and Habecker is replaced, he will have lost his public office for what the Court may ultimately find was an unconstitutional reason." Plaintiff's Brief at 10. This harm is entirely speculative, since Habecker may win the election. It is for this precise reason,

---

[2] Article VI provides, in pertinent part, that "no religious test shall ever be required as a qualification to any office of public trust under the United States."

10

the uncertainty of result and resulting harm, that the courts generally decline to enjoin the conduct of elections.

Habecker also states that in the absence of a preliminary injunction, he "will be forced to deal with the same dilemma of whether to recite the Pledge" and that this "awkward position" may subject him to "damage of bodily harm by fanatics." *Id.* Habecker misses the obvious point that he is in <u>precisely</u> the same position with the preliminary injunction in place. He must still attend Board meetings, must still decide whether or not to recite the Pledge (since he voluntarily abandoned his request in the case for a preliminary injunction banning the recitation of the Pledge), and still suffers form the somewhat fanciful danger of bodily harm from unnamed "fanatics." He is no better off with a preliminary injunction in place than he is without one and has utterly filed to meet his burden on this element.

**3.     Habecker has failed to establish that the threatened injury to him outweighs the injury to the opposing parties under the injunction.**

In the absence of a preliminary injunction, the recall election will proceed, an election that Habecker may well win.

Conversely, the issuance of a preliminary injunction denies the Recall Committee, the signers of the recall petitions, and the electors of Estes Park the reserved right, fundamental to a republican form of government and guaranteed by the federal and state Constitutions, to remove elected officials from office.

The balance of harms clearly favors denial of a preliminary injunction.

**4.     Habecker has filed to establish that the preliminary injunction would not be adverse to the public interest.**

Habecker argues that "[t]he vindication of constitutional rights is always in the public interest." Plaintiff's Brief at 11. He is entirely correct.

11

The right to recall unsatisfactory elected officials is a fundamental constitutional right which is denied by the preliminary injunction. Habecker has a perfect constitutional right to decline to recite the Pledge of Allegiance. He has <u>no</u> constitutional right, however, to immunity from recall or to continue to represent electors who wish him removed.[3] If constitutional rights are to be vindicated, the preliminary injunction must be vacated.

## CONCLUSION

Habecker has failed to meet his burden of establishing all four elements required for issuance of a preliminary injunction. The Recall Committee respectfully requests that the Court reconsider its issuance of a preliminary injunction, vacate the preliminary injunction and deny Habecker's Motion for a preliminary injunction.

Respectfully submitted this 18th day of February, 2005.

HAYES, PHILLIPS, HOFFMANN<br>
& CARBERRY, P.C.<br><br>

By: _____<br>
HERBERT C. PHILLIPS<br>
Attorney for Defendants Pritchard and Clark<br>
1350 17th Street, Suite 450<br>
Denver, CO  80202<br>
303-825-6444<br>
Fax:  303-825-1269

---

[3] "The right to hold office is not a natural right, nor a constitutional right, but must be granted by law, and the functions of the office are controlled by the will of the people as expressed by the laws relating to it." 3 *McQuillin, Municipal Corporation* (3rd Ed. 2001).

12

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the _16th_ day of February, 2005, a true and correct copy of the within **MOTION TO RECONSIDER OF DEFENDANTS NORMAN D. PRITCHARD AND RICHARD H. CLARK** was served on the following by depositing same in the U.S. mail, postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO  80231

Steven J. Dawes, Esq.
Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 550
Denver, CO  80202

_Mildred L. Axtell_

# RECALL PETITION

### WARNING:
### IT IS AGAINST THE LAW:

For anyone to sign this petition with any name other than one's own or to knowingly sign one's name more than once for the same measure or to sign such petition when not a registered elector.

Do not sign this petition unless you are a registered elector. To be a registered elector you must be a citizen of Colorado and registered to vote in the Town of Estes Park, Colorado.

Do not sign this petition unless you have read or have read to you The proposed measure in its entirety and understand its meaning.

Petition to recall David Habecker from the office of Town Trustee, Estes Park, Colorado.

To: Vickie O'Connor, CMC, Town Clerk of Estes Park, Colorado, we the undersigned registered electors of the Town of Estes Park, Colorado, **PETITION** for **RECALL** of **MR. DAVID HABECKER**, Town Trustee, per Colorado Revised Statutes/Title 31 Officers Recall/31-4-501;502,503, and 504, State of Colorado.

### PETITIONER'S COMMITTEE (Representing the proponents of the Petition):

| Name | Address |
|---|---|
| Dewey Shanks | 1760 High Pine Dr. Estes Park, CO 80517 |
| Norman D. Pritchard | 650 South St. Vrain Avenue, Estes Park, CO 80517 |
| Richard H. Clark | 635 Community Drive, Estes Park, CO 80517 |

### SUMMARY OF PROPOSED RECALL OF TRUSTEE MR. DAVID HABECKER

Electors suffer loss of confidence in Mr. Habecker's ability to represent citizens' national pride, patriotism, and common decency. Prior to Town Board of Trustees meetings, he purposefully and irreverently chooses to publicly sit, facing away from the flag of the United States, during recital of the Pledge of Allegiance. His defiant behavior occurs because the phrase "...under God..." offends him. He states he intends to continue until the United States Congress strikes the phrase from the Pledge of Allegiance.

Habecker failed to reveal this violation of his principles during campaigns for election. We consider this omission a deliberate tactic to assure voter ballots towards his election. We consider this tactic unethical and unacceptable.

We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct. His vital beliefs regarding church/state personal conflicts were not revealed at the critical time of election. We do not regard these actions, omissions or motivations honorable, and demand his removal from this elected position.

Exhibit A

# RECALL PETITION

2

### WARNING:
### IT IS AGAINST THE LAW:

For anyone to sign this petition with any name other than one's own or to knowingly sign one's name more than once for the same measure or to sign such petition when not a registered elector.

Do not sign this petition unless you are a registered elector. To be a registered elector you must be a citizen of Colorado and registered to vote in the Town of Estes Park, Colorado.

Do not sign this petition unless you have read or have read to you The proposed measure in its entirety and understand its meaning.

Petition to recall David Habecker from the office of Town Trustee, Estes Park, Colorado.

## SUMMARY OF PROPOSED RECALL OF TRUSTEE MR. DAVID HABECKER:

Electors suffer loss of confidence in Mr. Habecker's ability to represent citizens' national pride, patriotism, and common decency. Prior to Town Board of Trustees meetings, he purposefully and irreverently chooses to publicly sit, facing away from the flag of the United States, during recital of the Pledge of Allegiance. His defiant behavior occurs because the phrase "...under God..." offends him. He states he intends to continue until the United States Congress strikes the phrase from the Pledge of Allegiance.

Habecker failed to reveal this violation of his principles during campaigns for election. We consider this omission a deliberate tactic to assure voter ballots towards his election. We consider this tactic unethical and unacceptable.

We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct. His vital beliefs regarding church/state personal conflicts were not revealed at the critical time of election. We do not regard these actions, omissions or motivations honorable, and demand his removal from this elected position.

| Signature | Name Printed Last, first, MI | Residence address number street, town, county | Date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |