

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2005 FEB 23 PM 12: 29

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-153 (MJW)


DAVID HABECKER,

      Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

      Defendants.

---

## MOTION FOR COSTS INCLUDING ATTORNEY'S FEES

---

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1

      Undersigned certifies that he has, before filing this motion, conferred with opposing counsel and that counsel for Defendants oppose the relief requested herein.


      COME NOW the Plaintiff and his attorney pursuant to 42 U.S.C. §1988 and move for costs including attorney's fees in this action.  IN SUPPORT OF THIS MOTION it is stated as follows:

      1.  This is a civil rights case brought pursuant to 42 U.S.C. §1983.  42 U.S.C. §1988(b) provides that, in such a case, the Court may award the prevailing party costs including attorney's fees.  Defendant John Baudek, Mayor of the Town of Estes Park, Colorado, initiated the practice of reciting the pledge of allegiance at Board meetings.  Defendant Vickie O'Connor, Town Clerk,

would have conducted the recall election which was at issue in the case. Both Defendants are "persons" within the meaning of 42 U.S.C. §1983, against whom costs and attorney's fees may be awarded.

2. On February 10, 2005, the Court granted the Plaintiff's motion to enjoin the Defendants from conducting a recall election to remove Plaintiff as a Trustee of the Town of Estes Park, Colorado. The recall election had been scheduled for February 15, 2005, a date which has come and gone. In ordering the injunction from the bench, the Court stated that Plaintiff had met the criteria necessary for a preliminary injunction including a showing of irreparable harm and a likelihood of success on the merits.

3. The Court's Order provided the relief sought by the Plaintiff in his motion.[1] The remainder of the relief requested in the Complaint is tangential to the Plaintiff's main objective which was stopping the recall and remaining in office. Therefore, the Plaintiff is a "prevailing party" for purposes of 42 U.S.C. §1988. *Haley v. Pataki*, 106 F.3d 478 (2nd Cir. 1997).

4. Attached hereto is the Affidavit of Robert R. Tiernan in Support of this Motion. Appendices A and B to the Affidavit are statements of qualifications of attorney Robert R. Tiernan and legal assistant Julie N. Wells. Appendix C to the affidavit is a detailed study of billing rates and

---

[1] On February 18, 2005, counsel for Plaintiff received a copy of a Motion to Reconsider the Court's Order granting a preliminary injunction filed by Defendants Clark and Pritchard. Defendants' Motion is irrelevant to Plaintiff's Motion for Attorney's Fees and Costs because the Court's Order was a judgment which prevented the recall from taking place on February 15th as scheduled. However, if the Court disagrees with Plaintiffs' position in this regard, F.R.C.P. 54(d)(2)(B) requires that a motion for attorney's fees must be filed no later than 14 days after entry of judgment and Plaintiff does not want to run the risk of filing out of time.

practices in the State of Colorado conducted by the Colorado Bar Association in the year 2000. Appendix D is the itemized billing statement.

5. All of the time for which fees and costs are requested was concerned with seeking a preliminary injunction to stop the recall of Mr. Habecker. It is respectfully submitted that such fees and costs are reasonable and that they are in line with those prevailing in the Denver Metropolitan area for similar services by attorneys and paralegals of reasonably comparable skill, expertise, and reputation.

WHEREFORE, it is respectfully requested that the Court award $15,641.39 in attorney's fees and costs.

Respectfully submitted,

Robert R. Tiernan
Attorney for the Plaintiff
3165 S. Waxberry Way
Denver, CO 80231
(303) 671-2490
Fax: (303) 743-7810

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached was served on _February 23_ , 2005, by depositing in the United States Mail, postage pre-paid, to the following persons:

| | | |
|---|---|---|
| Steve Dawes, Esq. | Greg White, Esq. | Herbert C. Phillips, Esq. |
| Light, Harrington & Dawes, PC | 1423 W. 29th Street | Hayes Phillips, et al. |
| 1512 Larimer Street #550 | Loveland, CO 80538 | 1350 17th Street #450 |
| Denver, CO 80202 | | Denver, CO 80202 |

Dewey Shanks
P.O. Box 635
Estes Park, CO 80517

_[signature]_

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-153 (MJW)


DAVID HABECKER,

      Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL
HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

      Defendants.

---

## AFFIDAVIT OF ROBERT R. TIERNAN IN SUPPORT OF
## PLAINTIFF'S MOTION FOR COSTS, INCLUDING ATTORNEY'S FEES

---

STATE OF COLORADO  )
                   ) ss.
COUNTY OF DENVER   )

      Robert R. Tiernan, being duly sworn and on oath, states as follows:

      1.  I am an attorney in sole practice.  I represent the Plaintiff in this case.

      2.  Attached hereto as Appendices A and B are statements of qualification for Robert R.

Tiernan, and Julie N. Wells, the attorney and legal assistant respectively, for whom costs are

claimed.  Attached as Appendix C is a copy of an economic survey conducted by the Colorado Bar

Association in 2000 which contains detailed information about prevailing billing rates and billing

practices for attorneys and paralegals in the State of Colorado. Rates in the Denver metropolitan area tend to be in the higher percentiles than those in other areas of the State. Rates have also increased in the five years that have elapsed since the Colorado Bar Association study was done.

3. Attached as Appendix D is an itemized statement of fees and costs. The Court will note that time is broken down into tenths of hours which is common practice in the State of Colorado.

4. I have been a practicing attorney for over forty four years (See Appendix A). My hourly rate of $180.00 is the standard rate I charge for cases of this nature where collection of the legal fee is contingent upon success. The rate is well within the range for a sole practitioner who has more than forty years of experience including extensive litigation of Establishment Clause cases. (See Appendix C).

5. Ms. Wells, who holds a Bachelor's degree from the University of Colorado and who has been a paralegal for more than twenty years, was essential to the handling of this case. Whenever possible, I used her services in an effort to keep overall fees as low as possible. Ms. Wells' rate of $90.00 per hour is reasonable (See Appendix C, p. 27, Exh. 24). Ms. Wells was retained as a private contractor, and I am obligated to pay her bill as shown in Appendix D.

6. The Plaintiff has incurred costs for service of process, Court filing fees, photocopy charges, and incidental expenses shown in Appendix C. Receipts are available except for duplicating done on xerox machines at the courthouse and metered public parking.

_____
Robert R. Tiernan

Subscribed and worn to before me this 18th day of February , 2005.

_____
Kelli McClure
Notary Public

My commission expires:

11/19/08

## STATEMENT OF QUALIFICATIONS OF ROBERT R. TIERNAN

Born 1933

| | |
|---|---|
| 1955 | Graduated with B.A. from LeMoyne College, Syracuse, NY |
| 1958 | Graduated with L.L.B. from Boston College Law School (Law Review) |
| 1958 | Admitted to practice in the State of Massachusetts |
| 1958-1960 | Active duty, United States Army |
| 1960-1963 | Attorney Advisor, U.S. Securities and Exchange Commission, Washington, DC |
| 1963 | Admitted to practice in the District of Columbia |
| 1963-1983 | Partner, Law firm of Keller & Heckman, Washington, D.C.  Major practice in Federal Courts and U.S. Administrative Agencies.  Represented Fortune 500 companies and country's fifth largest trade association. |
| 1983-1986 | Founder and Chief Executive Officer of Air Bag Information Center, Inc., a non-profit corporation which promoted air bags in cars |
| 1986 | Admitted to practice in the State of Colorado |
| 1986-present | Sole practitioner — Criminal defense and litigation involving First Amendment rights |

**Appendix A**

### STATEMENT OF QUALIFICATIONS OF JULIE WELLS

Born 1960

| | |
|---|---|
| 1983 | Graduated with B.A. from University of Colorado |
| 1983-1984 | Legal Assistant, Law Office of Kenneth M. Gordon<br>Specialized in criminal defense and civil litigation |
| 1985 | Legal Assistant, White & Steele, P.C.<br>Specialized in Workers' Compensation |
| 1986-1989 | Legal Assistant and Office Manager, Law Office of Kenneth M. Gordon<br>Specialized in criminal defense and civil litigation |
| 1990 | Legal Assistant, Tilly & Graves, P.C.<br>Specialized in complex civil litigation |
| 1991-1993 | Legal Assistant and Office Manager, Law Office of Kenneth M. Gordon<br>Specialized in medical malpractice litigation |
| 1994-1998<br>2000-2002 | Executive Director, Colorado Women's Bar Association |
| 1994-present | Legal Assistant, freelance basis, specializing in civil litigation and constitutional issues |

**Appendix B**

# Colorado Bar Association 2000 Economic Survey

## Law Firm Billing Rates and Billing Practices

**Attorney Hourly Billing Rates**

The reported 2000 median hourly billing rate is $155. The average is $167. While several interacting factors affect the setting and application of hourly billing rates, Exhibit 22 includes three discrete factors: respondents' size of firm, years in practice, and office location, while Exhibit 23 identifies respondents' primary source of income, and practice category.

**Exhibit 22**

## 2000 HOURLY BILLING RATES BY FIRM SIZE, YEARS IN PRACTICE AND OFFICE LOCATION

| Size of Firm (# of Attorneys) | N | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|
| 1 | 235 | $125 | $150 | $175 | $250 |
| 2 | 63 | 125 | 160 | 185 | 229 |
| 3–6 | 166 | 135 | 165 | 200 | 250 |
| 7–10 | 43 | 140 | 175 | 200 | 357 |
| 11–20 | 55 | 125 | 165 | 205 | 285 |
| 21–50 | 53 | 135 | 195 | 263 | 315 |
| More than 50 | 39 | 150 | 210 | 275 | 300 |

**Years in Practice**

| | N | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|
| 1–5 | 112 | $116 | $130 | $160 | $240 |
| 6-10 | 108 | 125 | 150 | 170 | 213 |
| 11-15 | 86 | 125 | 150 | 185 | 250 |
| 16-25 | 236 | 145 | 175 | 200 | 267 |
| More than 25 | 155 | 150 | 185 | 225 | 300 |

**Office Location by County**

| | N | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|
| Downtown Denver (zip codes 80202 and 80203) | 207 | $140 | $175 | $225 | $300 |
| Denver, Not Downtown | 77 | 138 | 165 | 195 | 250 |
| Adams, Arapahoe, Douglas, Elbert & Jefferson | 171 | 125 | 150 | 180 | 235 |
| Boulder | 57 | 148 | 160 | 188 | 275 |
| Eagle and Pitkin | 14 | 154 | 188 | 229 | 250 |
| El Paso | 30 | 129 | 165 | 190 | 261 |
| Mesa | 14 | 125 | 145 | 150 | 195 |
| Pueblo | 3 | 130 | 150 | 150 | 150 |
| Larimer and Weld | 21 | 123 | 130 | 163 | 216 |
| All Others East of the Divide | 64 | 120 | 150 | 189 | 275 |
| All Others West of the Divide | 24 | 96 | 125 | 158 | 198 |
| All | 679 | $125 | $155 | $200 | $275 |

© 2001 Colorado Bar Association. All rights reserved.

**Appendix C**

**Exhibit 23**

# 2000 HOURLY BILLING RATES BY PRIMARY FIELD OF LAW AND PRACTICE CATEGORY

| Primary Field of Law | N | 25th | Median | 75th | 95th |
|---|---|---|---|---|---|
| | | | Value by Percentile | | |
| Administrative | 9 | $ 90 | $175 | $238 | $400 |
| Arbitration/Mediation | 9 | 163 | 185 | 210 | 225 |
| Banking | 3 | 200 | 200 | 220 | 220 |
| Bankruptcy | 17 | 130 | 160 | 185 | 250 |
| Collections | 6 | 104 | 150 | 156 | 175 |
| Communications/Technology | 7 | 200 | 250 | 300 | 320 |
| Corporate/Business (Other than Securities) | 67 | 145 | 175 | 225 | 330 |
| Criminal  (Private Defense) | 30 | 119 | 150 | 203 | 275 |
| Domestic Relations (Family Law) | 98 | 125 | 150 | 175 | 226 |
| Employment/Labor (Defense) | 18 | 119 | 173 | 216 | 290 |
| Employment/Labor (Plaintiff) | 8 | 125 | 150 | 189 | 325 |
| Estate Planning/Wills | 40 | 150 | 163 | 194 | 225 |
| Environmental | 15 | 75 | 125 | 210 | 275 |
| General Practice | 10 | 115 | 150 | 161 | 250 |
| Health | ---- | ---- | ---- | ---- | ---- |
| Immigration | 4 | 138 | 175 | 175 | 175 |
| Insurance/Personal Injury/Malprac. (Defense) | 36 | 111 | 120 | 149 | 215 |
| Insurance/Personal Injury/Malprac. (Plaintiff) | 29 | 150 | 175 | 200 | 250 |
| Intellectual Property/Patent/Trademark | 13 | 120 | 175 | 210 | 285 |
| Litigation (Civil/Commercial) | 104 | 150 | 173 | 200 | 283 |
| Municipal/Public Entity | 16 | 100 | 128 | 164 | 225 |
| Natural Resources (Oil & Gas/Mining) | 10 | 133 | 155 | 253 | 265 |
| Pension/Profit Sharing/ERISA | ---- | ---- | ---- | ---- | ---- |
| Probate/Guardianships/Conservatorships | 16 | 126 | 163 | 189 | 210 |
| Pub.Bene. (Soc.Sec./Disab./Medicare/Medicaid) | ---- | ---- | ---- | ---- | ---- |
| Real Property | 58 | 150 | 178 | 210 | 250 |
| Securities | 7 | 185 | 205 | 275 | 295 |
| Tax | 13 | 135 | 190 | 230 | 340 |
| Water | 8 | 146 | 168 | 186 | 225 |
| Workers' Compensation | 14 | 100 | 125 | 131 | 220 |
| Other | 28 | 103 | 148 | 150 | 250 |
| All | 671 | $125 | $155 | $200 | $275 |

© 2001 Colorado Bar Association.  All rights reserved.

| Practice Category | | | | | |
|---|---|---|---|---|---|
| Sole Practitioner | 199 | $125 | $150 | $175 | $220 |
| Sole Practitioner Sharing Space | 53 | 133 | 150 | 175 | 250 |
| Partner in Firm with 2-7 attorneys | 161 | 150 | 175 | 200 | 264 |
| Partner in firm with 8-29 attorneys | 54 | 150 | 185 | 225 | 316 |
| Partner in firm with 30+ attorneys | 34 | 210 | 258 | 285 | 363 |
| Associate in firm with 2-7 attorneys | 55 | 120 | 135 | 150 | 208 |
| Associate in firm with 8-29 attorneys | 35 | 120 | 135 | 165 | 239 |
| Associate in firm with 30+ attorneys | 38 | 130 | 160 | 209 | 297 |
| In-House Counsel | 17 | 113 | 145 | 180 | 250 |
| Contract Attorney | 8 | 103 | 130 | 198 | 250 |
| Of Counsel | 17 | 193 | 200 | 238 | 385 |
| All | 671 | $125 | $155 | $200 | $275 |

**Hourly Billing Rates for Associates and Legal Assistants**

The distribution of hourly billing rates for associates and legal assistants are summarized by years of experience in Exhibit 24.

**Exhibit 24**      **2000 HOURLY BILLING RATES FOR ASSOCIATES AND LEGAL ASSISTANTS BY YEARS OF EXPERIENCE**

|  | N | \u2014\u2014\u2014 Value by Percentile \u2014\u2014\u2014 | | | |
|---|---|---|---|---|---|
|  | N | 25th | Median | 75th | 95th |
| **Associates** | | | | | |
| New, without experience | 73 | $100 | $120 | $130 | $160 |
| 3 years' experience | 57 | 110 | 125 | 140 | 181 |
| 5 years' experience | 52 | 126 | 150 | 165 | 300 |
| 10 years' experience | 43 | 140 | 160 | 190 | 250 |
| **Legal Assistants (Paralegals)** | | | | | |
| New, without experience | 79 | $45 | $60 | $75 | $100 |
| 3 years' experience | 46 | 50 | 60 | 71 | 88 |
| 5 years' experience | 54 | 55 | 69 | 75 | 96 |
| 10 years' experience | 71 | 55 | 70 | 85 | 125 |

Firm size and office location are associated with variations in associate billing rates, with tenure dominating that influence (Exhibits 25 and 26).  Only median values are shown where there are one or two responses.

© 2001 Colorado Bar Association.  All rights reserved.       

**Itemized Statement of Fees and Costs**
*David Habecker v. Town of Estes Park, et al.*

| DATE | MATTER | TIME |
|------|--------|------|
| **ATTORNEY TIME** | | |
| 12/23/04 | Research recall statute and related issues | 2.0 hrs. |
| 12/24 | Memo on moving for Preliminary Injunction | 1.0 |
| 1/4/05 | Conference with Mr. Habecker re lawsuit | .2 |
| | Conference with David Lane re matter | .4 |
| 1/5 | Conferences (2)with Mr. Habecker re facts of case | .6 |
| 1/6 | Conference with Mr. Habecker re recall advertisement | .5 |
| | Conference with Mr. Bill Ferguson (970-586-3356) at 3:45 p.m. re refusal to place ad in newspaper | .2 |
| | Start work on pleadings | 2.0 |
| 1/7 | Work on pleadings | 4.0 |
| | Conference with Mr. Habecker | .2 |
| 1/13 | Research at Supreme Court Library | 3.0 |
| | Review Habecker biography | .2 |
| 1/18 | Research at Supreme Court Library | 5.0 |
| 1/19 | Prepare pleadings | 4.0 |
| | Conference with town attorney re settlement | .1 |
| 1/20 | Prepare pleadings and research re same | 3.0 |
| 1/21 | Prepare pleadings and research re same | 4.0 |
| 1/22 | Prepare pleadings | 2.0 |
| 1/23 | Prepare pleadings and research re same | 2.0 |
| 1/24 | Work on complaint, memo, orders, etc. | 3.0 |
| 1/25 | Work on pleadings and continue research | 3.0 |

Appendix D

| Date | Description | Hours |
|------|-------------|-------|
| 1/26 | Work on pleadings | 4.0 |
| | Conference with town attorney re dates for hearing | .2 |
| 1/27 | Work on pleadings and meet with Mr. Habecker | 6.0 |
| 1/28 | Finalize all pleadings and file with the court | 4.0 |
| | Conference with Mr. Habecker re status | .2 |
| 2/3 | Conference with Steve Dawes re Status Conference | .1 |
| 2/4 | Conference with Mr. Habecker re: pending matters | .2 |
| 2/7 | Attend Status Conference | 1.0 |
| | Research | 3.0 |
| 2/8 | Prepare for hearing on Motion for Preliminary Injunction | 3.0 |
| 2/9 | Prepare for hearing on Motion for Preliminary Injunction | 4.0 |
| | Conference with Mr. Habecker re: same | .6 |
| 2/10 | Prepare for hearing on Motion for Preliminary Injunction | 2.0 |
| | Attend hearing | 3.0 |
| | **TOTAL** | **71.7 hrs.** |

## PARALEGAL TIME

| Date | Description | Hours |
|------|-------------|-------|
| 1/4/05 | Research re: rules, deadlines, forms, etc. | 1.4 |
| 1/20 | Make revisions to complaint, memo of law, order and notice of unconstitutionality | 1.2 |
| 1/22 | Make revisions to complaint, prepare to send to client | .7 |
| 1/24 | On line legal research | .2 |
| 1/25 | Research, Multiple TC s with court clerk | .5 |
| 1/26 | Review complaint and memo, prepare summons, Revise caption on all documents | 1.2 |
| 1/27 | Make final revisions to all pleadings; | 1.4 |
| | Meet with client | .4 |

| | | |
|---|---|---|
| 1/28 | Make copies of all pleadings for filing with court;<br>Collate sets of pleadings for court;<br>Finalize summonses for issuance by court;<br>File complaint and all other pleadings with court;<br>Prepare packets for process server;<br>Prepare letter to lawyers for Defendants;<br>TC with Vickie O'Connor re: agent for service | 6.2 |
| 1/30 | Finalize Notice of Unconstitutionality and prepare<br>Certified Mail and receipt;<br>Organize pleadings in our file; create index;<br>File case law | 3.3 |
| 1/31 | Go to post office to mail Notice of Unconstitutionality | .2 |
| 2/2 | Multiple TC s with court clerk, opposing counsel<br>re: hearing date and time | .4 |
| 2/3 | Multiple TC s with court clerk, opposing counsel<br>re: hearing; prepare letters to opposing counsel<br>re: same, prepare Certificate of Service and letters<br>to individual defendants; take same to post office<br>Organize file copies of documents | 1.4<br>.4 |
| 2/8 | Send another letter to individual defendants<br>regarding next court date; go to PO to mail same | .6 |
| 2/9 | TC client<br>Review pleading received, research statutes<br>Update all filing in preparation for hearing<br>Finalize Notice re: Unconstitutionality | .5<br>.8<br>.5<br>.8 |
| 2/10 | Review letter from Dewey Shanks, make copies for<br>other parties, go to court for hearing | 2.1 |
| | **TOTAL** | **24.2 hrs.** |

**COSTS:**

| | | | |
|---|---|---|---|
| U.S. District Court filing fee | | | 150.00 |
| Service of process | | | 300.00 |
| 390 copies @ .15¢ each | | | 58.50 |
| Postage | | | 21.89 |
| | 1/28 | Send packets to attorneys | 3.50 |
| | 1/28 | Postage for process server | 1.06 |
| | 1/31 | Send Notice of Unconstit. | 13.26 |
| | 2/3 | 6 letters @ .37 | 2.22 |
| | 2/8 | 5 letters @ .37 | 1.85 |
| Parking | | | 13.00 |
| | 1/13 | At Supreme Court Library | 3.00 |
| | 1/18 | At Supreme Court Library | 3.00 |
| | 1/28 | At U.S. District Court | 1.00 |
| | 2/7 | At U.S. District Court | 4.00 |
| | 2/10 | At U.S. District Court | 2.00 |
| Duplication costs | | | 14.00 |
| | 1/13 | At Supreme Court Library | 5.00 |
| | 1/18 | At Supreme Court Library | 1.00 |
| | 2/7 | At U.S. District Court | 8.00 |

**TOTAL**                                                    **$557.39**

**SUMMARY:**

| | | |
|---|---|---|
| **ATTORNEY TIME** | **71.7 hrs. @ $180/hour =** | **$12,906.00** |
| **PARALEGAL TIME** | **24.2 hrs. @ $ 90/hour =** | **$ 2,178.00** |
| | | **$15,084.00** |
| **COSTS** | | **557.39** |
| | | **$15,641.39** |