IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-N-153 (MJW)

DAVID HABECKER,

Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

Defendants.

---

## SUPPLEMENTAL BRIEF OF DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR

---

Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado ("Town Defendants") through undersigned counsel, respectfully submit their Supplemental Brief.

### INTRODUCTION

David Habecker is a Trustee with the Town of Estes Park, Colorado. The Town of Estes Park is a municipality. Trustees are elected by municipal electors. Defendants Shanks, Pritchard,

1

and Clark formed a committee to recall Mr. Habecker ("Committee Defendants"). The Town Defendants have no affiliation with the Committee Defendants.

On November 24, 2004, a Recall Petition was submitted by the Committee Defendants to Vickie O'Connor as Town Clerk for the Town of Estes Park (hereafter referred to as "Town Clerk") and on December 14, 2004 the Board of Trustees scheduled the recall election for February 15, 2005. Mr. Habecker then filed a Motion for Preliminary Injunction with this Court in which he requested this Court issue a preliminary injunction to enjoin the recall election. On February 10, 2005, this Court granted Plaintiff's request. The Committee Defendants thereafter filed a Motion to Reconsider, which this Court granted. A hearing on the Preliminary Injunction is scheduled for March 2, 2005.

The Court requested the Town Defendants' position on the recall election if the Court were to enter an order vacating the preliminary injunction. The Town's position is that if this Court vacates the preliminary injunction, the Town will comply with its statutory duties and will proceed with the recall election.

## POSITION OF THE TOWN

**If this Court vacates the preliminary injunction at the hearing on March 2, 2005, the recall election will be scheduled for either March 22 or March 29, 2005.**

As it stated in it initial Brief, the Town takes no position on the merits of the Motion for Preliminary Injunction. If this Court vacates the Preliminary Injunction or otherwise allows the recall election to go forward, the Town will schedule the recall election for either March 22 or March 29, 2005.

Recall elections of municipal officers are governed by § 31-4-501 *et seq.*, C.R.S. "Every elected officer of any municipality of the State of Colorado may be recalled from office at any

2

time by the registered electors of the municipality in the manner provided in section 4 of article XXI of the state constitution...." § 31-4-501, C.R.S. The procedures to effect the recall of an officer and the timelines that are to be followed by the municipality are contained at § 31-4-502, C.R.S.

When a recall petition is filed with the clerk "the municipal clerk shall submit said petition...to the governing body of such municipality at the first meeting of such body following the expiration of the period within which a protest may be filed...." § 31-4-503(4) C.R.S. The Town Clerk submitted the recall petition to the Board of Trustees on December 14, 2004.

The governing body "shall thereupon order and fix a date for the recall election to be held not less than thirty days nor more than ninety days from the date of the submission of the petition to the governing body by the municipal clerk...." § 31-4-503(4), C.R.S.

In accordance with § 31-4-503(4), C.R.S., the recall election must be scheduled within 90 days following the submission of the recall petition to the Board of Trustees. In this case the 90 days expires on March 13, 2005, which is a Sunday. (*See* § 31-10-103, C.R.S. for the procedures for computation of time with respect to municipal elections.)

Further, the election must be scheduled on a Tuesday, § 31-10-108, C.R.S. Notice of the election must be given at least ten days prior to the election, § 31-4-504(2) C.R.S.

Notice of the election must be published in at least one newspaper having general circulation in the municipality, §§ 31-4-504(2) and 31-10-501(2) C.R.S. The Town has been informed that any newspaper requires at least two days notice prior to publishing any notices.

Accordingly, if the Court were to vacate the Preliminary Injunction at the hearing on March 2, 2005 and the Town Board immediately met and scheduled the recall election, and if the notice were sent to a newspaper on March 3, it is impossible to hold the recall election within 90 calendar days.

However, the entry of a preliminary injunction tolls the time period contained in the statutes. *See, e.g., Lakeside Mercy Hosp., Inc. v. Indiana State Bd. of Health*, 421 F.Supp. 193, 205 (N.D. Ind. 1976) (statutory time frames affected by entry of preliminary injunction were tolled); *U.S. v. Brichat*, 129 B.R. 235, 238 (D. Kan. 1991), citing *Hines v. U.S.*, 760 F. Supp. 549, 554 (D.S.C. 1991) ("an injunction or certain other legal proceedings which prevent one from exercising his legal remedy against another can be held to toll operation of the statute limitations"); *Lafferty v. Nickel*, 663 P.2d 168, 174 (Wyo. 1983), (Thomas, J. specially concurring). When a time bar has been suspended and then begins to run again, upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped. *See United States v. Ibarra*, 502 U.S. 1, 4, 112 S.Ct. 4, 5, 116 L.Ed.2d 1 (1991).

Fifty eight days elapsed between the time the recall petition was submitted to the Board and the entry of the Preliminary Injunction on February 10. Fed. R. Civ. P. 6. Therefore, if this Court vacates the preliminary injunction, there are 32 days remaining by which the election must be scheduled. In order to comply with the statutory time limits and comply with the requirement that the election be held on a Tuesday, the election could be scheduled for either March 22 or March 29, 2005. Accordingly, if this Court vacates the preliminary injunction, the Town Board will schedule the recall election for either March 22 or March 29, 2005.

Respectfully submitted,

_____
Steven J. Dawes

_____
Melinda L. Sanders

Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 550
Denver, Colorado 80202
Telephone: 303-298-1601
Facsimile: 303-298-1627

*Attorneys for Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado*

5

## CERTIFICATE OF SERVICE

The undersigned herein certifies that on this 28th day of February 2005 a true and complete copy of the foregoing SUPPLEMENTAL BRIEF OF DEFENDANTS TOWN OF ESTES PARK, BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, BAUDEK, & O'CONNOR was sent by facsimile and placed in the U.S. mail, first class postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.                                       (U.S. mail and facsimile: 303-743-7810)
3165 S. Waxberry Way
Denver, CO 80231

Herbert C. Phillips, Esq.                                     (U.S. mail and facsimile: 303-825-1269)
Hayes, Phillips, Hoffmann & Carberry, P.C.
1350 17th St., Ste. 450
Denver, CO 80202

Dewey Shanks                                                  (U.S. mail only)
P.O. Box 635
Estes Park, CO 80517

*/s/ Karina Batalla*