

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-N-153 - MJW

DAVID HABECKER,

    Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER
NORMAN D. PRITCHARD, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONERS' COMMITTEE TO RECALL HABECKER

    Defendants.

---

## RESPONSE TO MOTION TO DISMISS DEFENDANTS SHANKS, PRITCHARD AND CLARK

---

Defendants Norman D. Pritchard, and Richard D. Clark, by their attorneys, Hayes, Phillips, Hoffmann & Carberry, P.C., submit the following Response to Motion to Dismiss Defendants Shanks, Pritchard and Clark (the "Motion to Dismiss").

1. Defendants Pritchard and Clark have no objection to the dismissal of Plaintiff's claims against Defendant Dewey Shanks.

2. Defendants Pritchard and Clark, however, wish to remain in this case as parties defendant and undoubtedly have standing in this regard, since their interests are vitally affected,

and they will suffer "injury in fact" if the case is decided adversely to the defendants. *Wyoming Sawmills, Inc. v. U.S. Forest Service,* 383 F.3d 1241, 1246 (10th Cir. 2004); *Friends of Marolt Park v. U.S. Dept. of Transportation,* 382 F.3d 1088, 1095 (10th Cir. 2004).

3. Even were Defendants Pritchard and Clark dismissed from the case, they could certainly intervene as parties defendant as a matter of right pursuant to F.R.C.P. 24(a)(2), since each "claims an interest relating to the property or transaction which is the subject of the action" and are "so situated that the disposition of the action may, as a practical matter, impair or impede [their] ability to protect that interest" and that their interests are not "adequately represented by existing parties." Indeed, the somewhat transparent purpose of this motion seems to be to remove from this case the only defendants actively engaged in defending it.

4. Since Defendants Pritchard and Clark could, as a matter of right, intervene in this case even if dismissed, judicial economy suggests that the Motion to Dismiss should simply be denied.

WHEREFORE, Defendants Pritchard and Clark respectfully request that the Court deny Plaintiff's Motion to Dismiss Defendants Pritchard and Clark.

Respectfully submitted this 4th day of March, 2005.

                **HAYES, PHILLIPS, HOFFMANN**
                **& CARBERRY, P.C.**

                By: *[signature]*
                HERBERT C. PHILLIPS
                Attorney for Defendants Pritchard and Clark
                1350 17th Street, Suite 450
                Denver, CO  80202
                Telephone: 303-825-6444
                Fax:  303-825-1269

CERTIFICATE OF MAILING

The undersigned hereby certifies that on the \_4-4\_ day of March, 2005, a true and correct copy of the within **RESPONSE TO MOTION TO DISMISS DEFENDANTS SHANKS, PRITCHARD AND CLARK** was served on the following by depositing same in the U.S. mail, postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO  80231

Steven J. Dawes, Esq.
Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 550
Denver, CO  80202

*Mildred Z. Axtell* (signature)