

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

2005 MAY -5  PM 2: 39

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-N-153 (MJW)

DAVID HABECKER,

     Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

     Defendants.

---

## MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

---

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1

     The undersigned certifies that he has, before filing this motion, conferred with opposing counsel. Counsel for Defendants Clark and Pritchard does not object to this motion, but opposes the relief requested in the First Amended Complaint. Counsel for the remaining Defendants, with the exception of Dewey Shanks, opposes this motion.

     COMES NOW the Plaintiff, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and hereby files this motion for leave to file an amended complaint. IN SUPPORT WHEREOF, it is stated as follows:

     1. This is an action contesting the recall of a public official for declining to say the pledge of allegiance. The original complaint, among other things, sought to enjoin the recall election. However, the election has now been held and, as a result, the Plaintiff has been removed from office. One of the purposes of amending the complaint is to reflect these significant changed circumstances and to seek relief based on such new facts. Claims have been added and the claim for defamation

has been deleted.

2.  Another purpose of the Amended Complaint is to name additional defendants.  It is alleged that these additional defendants failed to properly exercise their discretion to stop the recall election and that Colorado's election laws were violated.  These Defendants were not named in the original complaint because they had not yet played a role in abridging plaintiff's constitutional rights.

3.  The Freedom From Religion Foundation, Inc. has been added as a co-plaintiff.  The Foundation is a Wisconsin nonprofit corporation authorized to do business in the State of Colorado. The Foundation's principal purpose is to promote the constitutional separation of church and state and to assist its members in taking action to redress infractions of this principle.  Plaintiff Habecker is a member of the Foundation.

4.  Finally, it has come to Plaintiff's attention that the committee to recall Habecker failed to comply with certain specific requirements of Colorado's election law.  The amended complaint includes a new count detailing these allegations and a prayer for relief contesting the validity of the recall election.

5.  Rule 15(a) provides that leave to amend a complaint will be freely given when justice so requires.  This case has not yet been set for trial and discovery has not begun.  No party will be prejudiced by the granting of this Motion.  To the contrary, the amended complaint will more clearly spell out the theory of Plaintiff's case based on the new circumstances and aid in the disposition of this case.

6.  Attached hereto and filed herewith is the Plaintiffs' First Amended Complaint.

WHEREFORE, it is respectfully requested that the Court grant Plaintiff's Motion for Leave to File a First Amended Complaint.

Respectfully submitted,

Robert R. Tiernan
Attorney for the Plaintiff
3165 S. Waxberry Way
Denver, CO  80231
(303) 671-2490
Fax: (303) 743-7810

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Motion for Leave to File a First Amended Complaint (with attached First Amended Complaint) was served on _May 5, 2005_ 2005, by depositing in the United States Mail, postage pre-paid, to the following persons:

Steve Dawes, Esq.  
Melinda Sanders, Esq.  
Light, Harrington & Dawes, PC  
1512 Larimer Street #300  
Denver, CO 80202

Herbert C. Phillips, Esq.  
Hayes, Phillips, Hoffman & Carberry, PC  
1350 17th Street #450  
Denver, CO 80202

Dewey Shanks  
P.O. Box 635  
Estes Park, CO 80517

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-N-153 (MJW)


DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

      Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
WAYNE NEWSOM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO;
ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE
GOVERNMENT;
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE
GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE
GOVERNMENT,

      Defendants.

---

**FIRST AMENDED COMPLAINT**

---

      COME NOW the Plaintiffs, by and through their undersigned attorney, and file the following First Amended Complaint.

### I.   JURISDICTION

1. The claims for relief and causes of action alleged herein arise under 42 U.S.C. §1983, 28

U.S.C. §2201 and §2202, Article Six of the United States Constitution, the First and Fourteenth Amendments to the United States Constitution, and Article II, Section 4 of the Colorado Constitution. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

## II. VENUE

2. This action properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391(b)(1) and (2) because all Defendants are found in this judicial district and because a substantial part of the events or omissions occurred and are occurring in this judicial district.

## III. PARTIES

3. Plaintiff David Habecker (hereinafter "Plaintiff") is an adult citizen of the United States and the State of Colorado. Habecker is a Trustee of the Town of Estes Park, Colorado.

4. Plaintiff The Freedom From Religion Foundation, Inc. (hereinafter the "Foundation") is a non-profit corporation existing under the laws of the State of Wisconsin and authorized to do business in the State of Colorado. One of the Foundation's primary objectives is to promote the constitutional principle of separation of church and state and to take action on infractions of that principle. The membership of the Foundation includes citizens and taxpayers in this Court's judicial district who are aggrieved by the presence of "under God" in the pledge of allegiance. This is an establishment of religion which is germane to the work of the Foundation and one on which the Foundation can legitimately pursue legal action on behalf of its members. Plaintiff Habecker is a member of the Foundation.

2

5. Defendant Town of Estes Park, Colorado is a duly existing Town in the State of Colorado.

6. Defendant Board of Trustees is comprised of six Trustees and the Mayor.

7. Defendants Lori Jeffrey-Clark, Sue Doylen, Chuck Levine, Wayne Newsom, and Bill Pinkham are members of Defendant Board of Trustees and are being sued in their official capacities.

8. Defendant Greg White is Town Attorney for the Town of Estes Park and is being sued in his official capacity.

9. Defendant John Baudek is Mayor of the Town of Estes Park, Colorado and is being sued in his official capacity. This Defendant presides at meetings of the Board of Trustees and leads the pledge of allegiance.

10. Defendant Vickie O'Connor is the Town Clerk of the Town of Estes Park, Colorado, was responsible for conducting the recall election, and is being sued in her official capacity.

11. All of the foregoing Defendants will collectively be referred to as the "Town Defendants".

12. Defendant Estes Park Citizens for Representative Government (hereinafter the "Recall Committee") is a committee formed pursuant to Colorado State law to recall Plaintiff. Dewey Shanks, Norman D. Pritchard, and Richard H. Clark are the members of such committee. These Defendants (hereinafter the "Recall Defendants") are being sued for acting individually and in concert under color of state law to deprive the Plaintiff of rights, privileges, and immunities secured by the United States Constitution.

## IV. FACTS

13. David Habecker, Plaintiff, is a 59 year-old resident of the Town of Estes Park, Colorado.

3

He is married and has two adult children.  Plaintiff and his wife have lived in Estes Park since 1977.

Habecker was brought up as a Presbyterian and has served as an elder in a Presbyterian church and

as a trustee in a Methodist Church.  He now considers himself to be an agnostic.  His son is also an

agnostic and his daughter is a Jehovah's Witness.

14.  Plaintiff has a successful building design practice in Estes Park.  He is a highly respected

member of the community and has been involved in many community activities.

15.  In 1984, Plaintiff was first elected to a four-year term to the office of Town Trustee of

the Town of Estes Park.  He was re-elected to another four-year term in 1988.   In 2000, he was

elected to fill the vacancy of a deceased Trustee, and he was elected to another four-year term in

2002.  Prior to the recall election, his term would have expired in April, 2006.

16.  There are six Town Trustees, plus the Mayor,  which form the Board of Trustees.  The

Mayor is an *ex officio* member of the Board and is allowed to vote only in the case of ties.  The

Board of Trustees functions much like a corporation's board of directors; it establishes budgets,

appropriates funds, hires and fires key employees, and sets policy for the Town.

17.  The Board conducts formal meetings twice a month, and it is the duty of each Trustee

to attend meetings.  Meetings are open to the public.

18.  At the May 11, 2004 meeting, the Mayor  announced a new policy of formally opening

meetings with the pledge of allegiance.   Plaintiff was completely taken by surprise.  He rose and

recited the pledge omitting the phrase "under God".

19.   During the course of the next several meetings, Plaintiff became more and more

uncomfortable with the ritual.  He is opposed to the phrase "under God" not only because it violates

4

his religious convictions, but also because he conscientiously believes the phrase is at odds with our constitutional system of secular government. Plaintiff also believes the pledge is a religious oath which he should not be required to participate in or recite. He therefore decided to stay seated and refrain from saying the pledge at the September 14, 2004 meeting. Plaintiff showed no disrespect. He simply sat passively until the pledge had been recited.

20. Lori Jeffrey-Clark is a Town Trustee. She observed Plaintiff declining to rise and recite the pledge at the September 14, 2004 Board meeting. At the next meeting on September 28, she put enlarged copies of currency before each Trustee's place on the bench to point out the "In God We Trust" motto. She also invited a group of Webelo Scouts to attend that meeting. When Plaintiff stayed seated and refrained from saying the pledge, Ms. Jeffrey-Clark then spoke out, accusing Plaintiff of being unpatriotic and stated "I want my vote back".

21. Defendants Shank, Pritchard, and Clark formed the Recall Committee to recall Plaintiff. The statement of grounds in their recall petition stated as follows:

> "Electors suffer loss of confidence in Mr. Habecker's ability to represent citizen's pride, patriotism, and common decency. Prior to Town Board of Trustees meetings, he purposefully and irreverently chooses to publicly sit, facing away from the flag of the United States, during recital of the Pledge of Allegiance. His defiant behavior occurs because the phrase "...under God..." offends him. He states he intends to continue until the United States Congress strikes the phrase from the Pledge of Allegiance.
>
> Habecker failed to reveal this violation of his principles during campaigns for election. We consider this omission a deliberate tactic to assure voter ballots towards his election. We consider this tactic unethical and unacceptable.
>
> We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct. His vital beliefs regarding

5

church/state personal conflicts were not revealed at the critical time of election. We do not regard these actions, omissions or motivations honorable, and demand his removal from his elected position."[1]

22.   Defendant Town Clerk Vickie O'Connor certified the Recall Petition as sufficient. The Petition was submitted to the Board of Trustees at its December 14, 2004, meeting, and the Board set February 15, 2005, as the date for the recall election.

23.   On February 10, 2005, the Court issued a preliminary injunction which prevented the election from being held on February 15.

24.   On March 2, 2005, the preliminary injunction was dissolved by the Court.

25.   At the March 8, 2005 meeting of the Board, Town Attorney Greg White advised the Board that it could hold the recall election on either March 22 or March 29, even though those dates were more than 90 days after the submission of the recall petition to the Board. The Board voted to hold the recall election on March 22, 2005. The vote of the Board on this issue was unanimous except for the negative vote of Plaintiff.

26.   The recall election was conducted by the Town Clerk on March 22, 2005, and Plaintiff was recalled from office. The election was governed by the provisions of Section 31-4-501, *et. seq.* of the Colorado Revised Statutes.

27.   The Mayor and the Board of Trustees have refused Plaintiff's request to discontinue

---

[1] Plaintiff categorically denies that he "purposefully and irreverently (chose) to publicly sit, facing away from the flag of the United States" or that he engaged in "unethical" or dishonorable tactics. He also denies "withholding" his views on the pledge of allegiance during his campaign for election in 2002. The pledge was not an issue in 2002. It only became an issue when the Mayor decided to begin meetings with the pledge in mid-2004.

recitation of the pledge of allegiance and the pledge continues to be recited at the beginning of Board meetings.

## V. CLAIM FOR RELIEF

### COUNT I

28. The pledge of allegiance, which is codified at 4 U.S.C. §4, states as follows: "I pledge allegiance to the flag of the United States of America and to the Republic for which it stands, one Nation *under God*, indivisible, with liberty and justice for all." (Emphasis supplied.) This pledge constitutes an Establishment of Religion in violation of Amendment One to the United States Constitution.

### COUNT II

29. The pledge of allegiance, when recited under the circumstances of this case, constitutes an Establishment of Religion in violation of Amendment One to the United States Constitution because among other things, (1) it is coercive and (2) it placed the Plaintiff in the position of either reciting the pledge and violating his religious convictions or refusing to do so and subjecting himself to a recall election.

### COUNT III

30. The only reason Plaintiff was subjected to a recall was because he exercised his constitutional right to refrain from reciting the pledge of allegiance. Such recall was an infringement on (1) Plaintiff's right to free speech in violation of Amendment One to the United States Constitution and (2) Plaintiff's right to free exercise of religion in violation of Amendment One to the United States Constitution.

7

## COUNT IV

31.   Subjecting Plaintiff to recall for refraining from reciting the pledge of allegiance constituted a religious test for public office in violation of Article Six of the United States Constitution.

## COUNT V

32.   Subjecting Plaintiff to recall for refraining from reciting the pledge of allegiance violated his right to religious freedom guaranteed by Article II, Section 4 of the Colorado Constitution and constituted a denial of his civil and political rights on account of his opinions concerning religion..

## COUNT VI

33.   Colorado Revised Statute §31-4-501, *et seq.* is unconstitutional to the extent that it indiscriminately provides for recall of a public official even when the only ground for said recall is a constitutionally-protected activity on the part of the elected official.

## COUNT VII

34.   The Town Defendants abused their discretion by allowing the recall election to be conducted even though (1) the time for holding the election had expired pursuant to Section 31-4-503(4) of the Colorado Revised Statutes and there was no statutory authority to change the date originally set by the Board, (2) the grounds stated for the recall were false and misleading, (3) the Recall Committee and the members thereof misrepresented the purpose of the recall in violation of Section 31-4-503(2)(c) of the Colorado Revised Statutes, (4) the reports of contributions to the Recall Committee and its members were not filed as required by law, and (5) one or more of the

8

members of the Recall Committee could not be reached at the address for such member(s) set forth in the recall petition.

## COUNT VIII

35. The statement of grounds for the recall was untrue in that it falsely accused Plaintiff of turning away from the flag and refusing to discuss his objection to the pledge of allegiance during the Plaintiff's campaign for the office of Trustee.

WHEREFORE, Plaintiff requests the following relief:

A. That the Court issue a judgment declaring the pledge of allegiance (4 U.S.C. §4) to be unconstitutional because it violates Amendment One of the United States Constitution.

B. That the Court issue a judgment ordering Defendant Board of Trustees and Defendant Mayor to cease and desist from reciting the pledge of allegiance during the conduct of official business.

C. That the Court issue a judgment declaring the recall election unlawful because it infringed on Plaintiff Habecker's constitutional rights of free speech and free exercise of religion.

D. That the Court issue a judgment declaring the recall election unlawful because it constituted a religious test for public office in violation of Article Six of the United States Constitution.

E. That the Court issue a judgment declaring the recall election unlawful on the grounds that it violated Article II, Section 4 of the Colorado Constitution.

F. That the Court issue a judgment declaring that Article XXI of the Colorado Constitution and Section 31-4-105, *et seq.*, of the Colorado Revised Statutes violate the United States Constitution

9

to the extent that they prohibit any judicial review of the ground or grounds for a recall.

G.   That the Court order (1) the recall election null and void, (2) that Plaintiff Habecker be reinstalled in his position as a Town Trustee, (3) that Plaintiff Habecker be paid the salary he lost as a result of losing his seat on the Board of Trustees, (4) that Plaintiff Habecker be compensated for his expenses in campaigning against the recall, and (5) that any action of the Board of Trustees which depended upon the presence or vote of Plaintiff Habecker's successor be held null and void.

H.   That the Plaintiffs be awarded costs and attorneys' fees pursuant to 42 U.S.C. §1988.

I.   That the Plaintiffs be granted such other and further relief as the Court deems proper.

Plaintiffs hereby demand trial by jury.

Respectfully submitted,

Robert R. Tiernan
Attorney for the Plaintiffs
3165 S. Waxberry Way
Denver, CO  80231
(303) 671-2490
Fax: (303) 743-7810

Plaintiffs' addresses:

David Habecker
1100 Big Thompson Avenue
Estes Park, Colorado 80517

The Freedom From Religion Foundation, Inc.
P.O. Box 750
Madison, WI 53701

10