FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 10 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

05-CV-00153-EWN-MJW

Civil Action No. ~~05-N-153 (MJW)~~

DAVID HABECKER,

    Plaintiff,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
DEWEY SHANKS, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER;
NORMAN D. PRITCHARD, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER; and
RICHARD H. CLARK, MEMBER, PETITIONER'S COMMITTEE TO RECALL HABECKER,

    Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference is set for May 10, 2005.

Robert R. Tiernan, Esq., 3165 S. Waxberry Way, Denver, CO 80231, (303) 671-2490, represents the Plaintiff, David Habecker.

Steve Dawes, Esq., and Melinda Sanders, Esq., Light, Harrington & Dawes, PC, 1512 Larimer Street #300, Denver, CO 80202, (303) 298-1601, represent Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado.

Herbert C. Phillips, Esq., Hayes, Phillips, Hoffmann & Carberry, PC, 1350 17th Street #450, Denver, CO 80202, (303) 825-6444, represents Defendants Norman D. Pritchard, Member, Petitioner's Committee to Recall Habecker; and Richard H. Clark, Member, Petitioner's Committee to Recall Habecker.

Defendant Dewey Shanks has failed to file an Answer or other responsive pleading in the case. He is not represented by counsel. His address is P.O. Box 635, Estes Park, CO 80517. His phone number is unknown.

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff: Plaintiff seeks a declaratory order from the Court that the Pledge of Allegiance is unconstitutional as a governmental endorsement of religion. Plaintiff also alleges that the Pledge is unconstitutional under the circumstances of this case because (1) it abridges the right to free speech, (2) free exercise of religion, and (3) amounts to a religious test for public office. The recall of Plaintiff was unconstitutional because it put these constitutional rights up for a vote. The recall was illegal because the recall petition contained statements which were false and misleading and the election was not conducted in accordance with C.R.S. 31-4-501, *et. seq.*

b. Defendant(s):

Defendants Town of Estes Park, Board of Trustees of the Town of Estes Park, John Baudek, Mayor of the Town of Estes Park; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado ("Town Defendants") state that they did not require Mr. Habecker to recite the pledge of allegiance at any town meeting. Town Defendants state that with respect to the recall election, they

acted in accordance with state law and statutes, which set forth ministerial procedures that are to be performed by the Town Clerk and governing board of the municipality. These statutory duties are ministerial only. Town Defendants further state that the Verified Complaint fails to state a claim upon which relief can be granted, and they will file a dispositive motion in which they seek dismissal of the Complaint. Defendants deny that they have violated any of Mr. Habecker's state or federal constitutional, statutory, or common law rights.

Town Defendants assert the following affirmative defenses: failure to state a claim; the relief sought by Plaintiff in his Complaint seeks to infringe upon the First Amendment rights of the Defendants; To the extent of the Plaintiff has asserted any state law claims, Plaintiff's claims and damages, if any, are barred by, subject to, and limited by the Colorado Governmental Immunity Act, §§24-10-101, *et seq.*, C.R.S.; Plaintiff's claims and damages, if any, were proximately caused by the acts or omissions of Plaintiff; Plaintiff's claims and damages, if any, were proximately caused by the improper acts or omissions of others over whom Defendants have no control nor right of control; to the extent Plaintiff is asserting any state law claims, Plaintiff's claims and damages, if any, are subject to §§ 13-21-111.5, 13-21-111.6, and 13-21-102.5, C.R.S.; Plaintiff has failed to mitigate reasonably his alleged damages, if any; Plaintiff's claims are barred by the doctrine of qualified immunity; Plaintiff's claims are barred by, subject to, and limited by the Charter, ordinances, and applicable laws of the Town of Estes Park; Plaintiff's First Amendment claim is barred because it does not involve a matter of public concern; this Court lacks subject matter jurisdiction over Plaintiff's claims; Plaintiff's claims are barred by, subject to, and limited by the First Amendment to the United States Constitution; Plaintiff's claims are barred by, subject to, and limited by Article

II, §10 of the Colorado Constitution; Plaintiff has failed to join a party under Fed. R. Civ. P. 19; Defendants are entitled to an award of attorney fees under 42 U.S.C. § 1988; §§ 13-17-101, and 201, C.R.S.; and § 24-10-110, C.R.S.

Defendants Pritchard and Clark contend that they are not state actors within the meaning of 42 U.S.C. § 1983. They further claim that the Court lacks jurisdiction pursuant to 42 U.S.C. § 1983, since neither the actions of the individual defendants nor the Town of Estes Park constitute state action under color of law pursuant to the rule enunciated by the United States Supreme Court in *City of Cuyahoga Falls v. Buckeye Community Hope Foundation*, 538 U.S. 188 (2003). Defendants Pritchard and Clark also contend that Plaintiff Habecker's claims relating to his recall are barred by repeated holdings of the Colorado appellate courts and federal courts prohibiting judicial inquiry into the grounds for recall. Defendants Pritchard and Clark contend that, even accepting the allegations of Plaintiff Habecker's Verified Complaint as true, the Verified Complaint fails to state a claim upon which relief can be granted, and they will shortly file a motion to dismiss or in the alternative for summary judgment.

## 3. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff David Habecker is an adult citizen of the United States and the State of Colorado. Prior to the recall election, Habecker was a Trustee of the Town of Estes Park, Colorado.

2. Defendant Town of Estes Park, Colorado is a duly existing Town in the State of Colorado.

3. Defendant Board of Trustees is comprised of six Trustees and the Mayor.

4

4. Lori Jeffrey-Clark, Sue Doylen, Chuck Levine, Wayne Newsom, and Bill Pinkham are members of Defendant Board of Trustees.

5. Greg White is Town Attorney for the Town of Estes Park.

6. Defendant John Baudek is Mayor of the Town of Estes Park, Colorado. This Defendant presides at meetings of the Board of Trustees and leads the pledge of allegiance.

7. Defendant Vickie O'Connor is the Town Clerk of the Town of Estes Park, Colorado, and was responsible for conducting the recall election.

8. Defendants Dewey Shanks, Norman D. Pritchard, and Richard H. Clark formed a committee to recall Plaintiff.

9. In 1984, Plaintiff was first elected to a four-year term to the office of Town Trustee of the Town of Estes Park. He was re-elected to another four-year term in 1988. In 2000, he was elected to fill the vacancy of a deceased Trustee, and he was elected to another four-year term in 2002. Prior to the recall election, his term would have expired in April, 2006.

10. There are six Town Trustees, plus the Mayor, which form the Board of Trustees. The Mayor is an *ex officio* member of the Board and is allowed to vote only in the case of ties. The Board of Trustees establishes budgets, appropriates funds, has the authority to hire and fire the Town Manager and the Town Attorney, and sets policy for the Town.

11. The Board conducts formal meetings twice a month, and it is the duty of each Trustee to attend meetings. Meetings are open to the public. At the May 11, 2004 meeting, the Mayor announced a new policy of formally opening meetings with the pledge of allegiance. When the Mayor led the pledge at the September 14, 2004 Board meeting, Plaintiff remained seated and

5

refrained from saying the pledge.

12. Lori Jeffrey-Clark is a Town Trustee. At the Board meeting on September 28, 2004, she put enlarged copies of currency before each Trustee's place on the bench. A group of Webelo Scouts attended that meeting. Ms. Jeffrey-Clark noted her dismay in Habecker's position concerning not participating in reciting the pledge of allegiance.

13. Defendants Shank, Pritchard, and Clark formed a committee to recall Plaintiff. The statement of grounds in their recall petition stated as follows:

> "Electors suffer loss of confidence in Mr. Habecker's ability to represent citizen's pride, patriotism, and common decency. Prior to Town Board of Trustees meetings, he purposefully and irreverently chooses to publicly sit, facing away from the flag of the United States, during recital of the Pledge of Allegiance. His defiant behavior occurs because the phrase "...under God..." offends him. He states he intends to continue until the United States Congress strikes the phrase from the Pledge of Allegiance.
>
> Habecker failed to reveal this violation of his principles during campaigns for election. We consider this omission a deliberate tactic to assure voter ballots towards his election. We consider this tactic unethical and unacceptable.
>
> We respect Mr. Habecker's right to free speech under the Constitution of the United States, but insist on maintenance of responsibility, accountability, leadership, respect for others, and high standards of public conduct. His vital beliefs regarding church/state personal conflicts were not revealed at the critical time of election. We do not regard these actions, omissions or motivations honorable, and demand his removal from his elected position."

14. Defendant Town Clerk Vickie O'Connor certified the Recall Petition as sufficient. The Petition was submitted to the Board of Trustees at its December 14, 2004, meeting, and the Board set February 15, 2005, as the date for the recall election.

15. On February 10, 2005, the Court issued a preliminary injunction which prevented the

election from being held on February 15.

16. On March 2, 2005, the preliminary injunction was dissolved by the Court.

17. At the March 8, 2005 meeting of the Board, Town Attorney Greg White advised the Board that it could hold the recall election on either March 22 or March 29, even though those dates were more than 90 days after the submission of the recall petition to the Board. The Board voted to hold the recall election on March 22, 2005. The vote of the Board on this issue was unanimous except for the negative vote of Plaintiff.

18. The recall election was held on March 22, 2005, and Plaintiff Habecker lost the recall election and his seat on the Board of Trustees. A total of 1,508 votes were cast, of which 903 voted in favor of the recall and 605 against.

19. The Mayor and the Board of Trustees have refused Plaintiff's request to discontinue recitation of the pledge of allegiance and the pledge continues to be recited at the beginning of Board meetings.

## 4. COMPUTATION OF DAMAGES

None requested by any party other than costs and attorneys fees.

## 5. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of rule 26(f) meeting: April 7, 2005.

b. Names of each participant and party he/she represented:

Robert R. Tiernan, Esq., represented the Plaintiff, David Habecker.

Melinda Sanders, Esq., Light, Harrington & Dawes, PC, 1512 Larimer Street

7

#300, Denver, CO 80202, (303) 298-1601, represented Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado.

Herbert C. Phillips, Esq., Hayes, Phillips, Hoffmann & Carberry, PC, 1350 17th Street #450, Denver, CO 80202, (303) 825-6444, represented Defendants Norman D. Pritchard, Member, Petitioner's Committee to Recall Habecker; and Richard H. Clark, Member, Petitioner's Committee to Recall Habecker.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): Disclosures were originally due by April 21, 2005. The parties agreed to an extension up to and including April 29, 2005, and all parties with the exception of Dewey Shanks have filed said disclosures.

d. Statement as to when rule 26(a)(1) disclosures were made or will be made: April 29, 2005.

e. The parties have made no agreements to conduct informal discovery.

## 6. CONSENT

The Plaintiffs would consent to the exercise of jurisdiction of a magistrate judge. The Defendants, with the exception of Defendant Dewey Shanks who has not filed a responsive pleading, have not consented to the exercise of jurisdiction of a magistrate judge.

8

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: June 17, 2005.

b. Discovery Cut-off: July 15, 2005.

c. Dispositive Motion Deadline: September 28, 2005 per Court Order.

d. Expert Witness Disclosure:

(1) State anticipated fields of expert testimony, if any: The Plaintiff may wish to call expert witnesses in the fields of constitutional and election law. The Town Defendants and Defendants Clark and Pritchard do not anticipate the need for expert witnesses.

(2) State any limitations proposed on the use or number of expert witnesses: ~~None~~ One Expert per side.

(3) The ~~parties~~ Plaintiff shall designate ~~all~~ his experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June ~~16~~ 1, 2005.

(4) The ~~parties~~ Defendants shall designate ~~all rebuttal~~ their experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~July 1~~ June 30, 2005. No Rebuttal experts

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule: All depositions will be conducted between June 16, 2005 and July 15, 2005.

9

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Mayor John Baudek | | | 2 hours |
| Lori Jeffrey-Clark | | | 2 hours |
| Richard Clark | | | 2 hours |
| Norman Pritchard | | | 2 hours |
| Dee Pritchard | | | 2 hours |
| Dewey Shanks | | | 2 hours |
| Bill Pinkham | | | 2 hours |
| Greg White | | | 2 hours |
| Vickie O'Connor | | | 2 hours |
| David Habecker | June 16, 2005 | | 7 hours |

f. Interrogatory Schedule: Interrogatories shall be propounded no later than May 16, 2005, and responded to no later than June 15, 2005.

g. Schedule for Request for Production of Documents: Requests for Production of Documents shall be propounded no later than May 16, 2005, and responded to no later than June 15, 2005. *Request for Admissions shall be served by June 10, 2005.*

h. Discovery Limitations: The limitations under the Federal Rules of Civil Procedure shall apply. *25 each per party on Interrogatories, Request for Production of Documents and Request for Admissions to Fact*

(5) Other Planning or Discovery Orders: None. *Depositions per side plus the experts. 7 Hours per Deponent.*

## 8. SETTLEMENT

The parties have discussed settlement of this matter, and it will be impossible as a constitutional question is at issue.

10

## 9. OTHER SCHEDULING ISSUES

a. There are no discovery or scheduling issues on which counsel were unable to reach an agreement. None

b. Anticipated length of trial and whether trial is to the court or jury: 3 days to a jury.

## 10. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on June 20, 2005 at 1:30 o'clock p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

(X) *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

(X) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before June 15, 2005 outlining the facts and issues in the case and the party's settlement position.

b. Status conferences will be held in this case at the following dates and times:

_____

c. A ~~final~~ Preliminary pretrial conference will be held in this case on June 20, 2005 at 1:30 o'clock p.m. A ~~Final~~ Preliminary Pretrial Order shall be prepared by the parties and submitted to the court no

later than five days before the ~~final~~ Preliminary pretrial conference.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case. In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A. The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 10TH day of MAY 2005.

BY THE COURT:

_____
Michael J. Watanabe
United States Magistrate Judge

12

APPROVED:

*[signature: Robert R. Tiernan]*

Robert R. Tiernan, Esq.
*Attorney for the Plaintiff*
3165 S. Waxberry Way
Denver, CO 80231
(303) 671-2490




Steve Dawes, Esq.
Melinda Sanders, Esq.
*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado*
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202
(303) 298-1601




Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, PC
*Attorney for Defendants Norman D. Pritchard, Member, Petitioner's Committee to Recall Habecker; and Richard H. Clark, Member, Petitioner's Committee to Recall Habecker*
1350 17th Street #450
Denver, CO 80202
(303) 825-6444

13

APPROVED:

_____
Robert R. Tiernan, Esq.
*Attorney for the Plaintiff*
3165 S. Waxberry Way
Denver, CO 80231
(303) 671-2490


*Melinda L. Sanders*
_____
Steve Dawes, Esq.
Melinda Sanders, Esq.
*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado*
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202
(303) 298-1601


_____
Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, PC
*Attorney for Defendants Norman D. Pritchard, Member, Petitioner's Committee to Recall Habecker; and Richard H. Clark, Member, Petitioner's Committee to Recall Habecker*
1350 17th Street #450
Denver, CO 80202
(303) 825-6444

14
13

APPROVED:

_____
Robert R. Tieman, Esq.
*Attorney for the Plaintiff*
3165 S. Waxberry Way
Denver, CO 80231
(303) 671-2490


_____
Steve Dawes, Esq.
Melinda Sanders, Esq.
*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; and Vickie O'Conner, Town Clerk of the Town of Estes Park, Colorado*
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202
(303) 298-1601


_____
Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, PC
*Attorney for Defendants Norman D. Pritchard, Member, Petitioner's Committee to Recall Habecker; and Richard H. Clark, Member, Petitioner's Committee to Recall Habecker*
1350 17th Street #450
Denver, CO 80202
(303) 825-6444

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00153-EWN-MJW

DAVID HABECKER,

Plaintiff(s),

v.

TOWN OF ESTES PARK, COLORADO, et al.,

Defendant(s).

## CERTIFICATE OF SERVICE

I hereby certify that on ~~April 20~~ May 10, 2005, a copy of the foregoing document was served to the following persons by:

  X  United States mail, proper postage affixed:

Steven J. Dawes
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202

Herbert C. Phillips
Hayes, Phillips, Hoffmann & Carberry, PC
1350 - 17th Street #450
Denver, CO 80202-1517

Melinda Lea Sanders
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202

Dewey Shanks
Pro Se Defendant
P.O. Box 635
Estes Park, CO 80517

Dewey Shanks
1760 High Pine Drive
Estes Park, CO 80517

Robert R. Tiernan
Robert R. Tiernan, Atty at Law
3165 South Waxberry Way
Denver, CO 80231

Gregory Alan White
Gregory A. White, Atty at Law
1423 West 29th Street
Loveland, CO 80538

*[signature]*
Deputy Clerk