FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

MAY 26  PM 4: 16

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-N-153 (MJW)

BY_____DEP. CLK

DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
WAYNE NEWSOM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO;
ESTES PARK CITIZENS FOR A REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR A REPRESENTATIVE GOVERNMENT;
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR A REPRESENTATIVE GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR A REPRESENTATIVE GOVERNMENT,

Defendants.

---

**ANSWER AND JURY DEMAND OF THE TOWN DEFENDANTS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; Lori Jeffrey-Clark, Trustee of the Town of Estes Park, Colorado; Sue Doylen, Trustee of the Town of Estes Park, Colorado; Chuck Levine, Trustee of the Town of Estes Park,

1

Colorado; Wayne Newsom, Trustee of the Town of Estes Park, Colorado; Bill Pinkham, Trustee of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado; and Greg White, Town Attorney for the Town of Estes Park, Colorado ("Town Defendants" or "Defendants") through undersigned counsel respectfully submit their Answer and Jury Demand to Plaintiffs' First Amended Complaint as follows:

1.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 1 of the First Amended Complaint and therefore deny the same.

2.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 2 of the First Amended Complaint and therefore deny the same.

3.      With respect to the allegations in paragraph 3 of the First Amended Complaint, Defendants admit that David Habecker is an adult and a citizen of the United States and the State of Colorado.  Defendants deny that Habecker is a Trustee of the Town of Estes Park, Colorado.

4.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 4 of the First Amended Complaint and therefore deny the same.

5.      Defendants admit the allegations contained in paragraphs 5, 6, 7, 8, 9, and 10 of the First Amended Complaint.

6.      With respect to the allegations contained in paragraph 11, Defendants admit that they are referred to as the "Town Defendants."  Any allegations inconsistent with the foregoing are expressly denied.

7.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 12 of the First Amended Complaint and therefore deny the same.

8.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraphs 13 and 14 of the First Amended Complaint and therefore deny the same.

9.      Defendants admit the allegations contained in paragraph 15 of the First Amended Complaint.

10.      With respect to the allegations contained in paragraph 16 of the First Amended Complaint, Defendants admit that there are six Town Trustees, plus the Mayor, which form the Board of Trustees, and that the Mayor votes only in the case of ties. Defendants admit that the Board of Trustees establishes budgets, appropriates funds, and sets policy for the Town. Defendants admit that the Board of Trustee has the authority to hire and fire the Town Manager and Town Attorney.  Defendants deny all allegations of said paragraph other than the foregoing.

11.      Defendants admit the allegations contained in paragraph 17 of the First Amended Complaint.

12,      With respect to the allegations contained in paragraph 18 of the First Amended Complaint, Defendants admit that at the May 11, 2004 meeting, the Mayor announced a new policy of formally opening meetings with the pledge of allegiance.  Defendants are without

sufficient information and knowledge to form a belief as to the remaining allegations in paragraph 18 and therefore deny the same.

13.     Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 19 of the First Amended Complaint and therefore deny the same.

14.     With respect to the allegations in paragraph 20 of the First Amended Complaint, Defendants admit that Lori Jeffrey-Clark is a Town Trustee. Defendants admit that at the meeting on September 28, 2004 Ms. Jeffrey-Clark put enlarged copies of currency before each Trustee's place on the bench. Defendants admit that a group of Webelo Scouts attended that meeting.   Defendants admit that Ms. Jeffrey-Clark spoke out about Mr. Habecker, but Defendants are without sufficient information or knowledge to confirm or deny the nature of the comments made by her. Defendants are without sufficient information or knowledge to form a belief as to all allegations in paragraph 20, other than as set forth in the foregoing, and therefore deny the same.

15.     With respect to the allegations contained in the first sentence of paragraph 21 of the First Amended Complaint, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations of said sentence and therefore deny the same. With regard to the allegations in the second sentence of paragraph 21, Defendants state that the petition speaks for itself, and Defendants deny all allegations inconsistent with the express provisions of the petition. With respect to all other allegations, including the allegations in the footnote 1 of paragraph 21, Defendants are without sufficient information or knowledge to form

a belief as to the truth of the allegations and therefore deny the same. All allegations inconsistent with the foregoing are denied.

16.     Defendants admit the allegations contained in paragraphs 22, 23, and 24 of Plaintiffs' First Amended Complaint.

17.     With respect to the allegations in paragraph 25, Defendants admit that at the March 8, 2005 meeting of the Board, Town Attorney Greg White advised the Board that it could hold the recall election on either March 22 or March 29, 2005. Defendants admit that the Board voted to hold the recall election on March 22, 2004 and that the vote of the Board was unanimous except for the negative vote of Plaintiff. The remaining allegations of paragraph 25 are denied. Any allegations inconsistent with the foregoing are denied.

18.     Defendants admit the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint.

19.     With respect to the allegations contained in paragraph 27 Defendants admit that Plaintiff requested that the Mayor and Board of Trustees discontinue the recitation of the pledge. Defendants admit that the pledge continues to be recited at the beginning of Board meetings. All allegations inconsistent with the foregoing are denied.

20.     With respect to the allegations contained in paragraph 28 of the First Amended Complaint Defendants state that the statute speaks for itself, and Defendants deny all allegations inconsistent with the express provisions of the statute. Defendants deny all allegations of paragraph 28 other than the foregoing.

21.     Defendants deny the allegations contained in paragraph 29 of the First Amended Complaint.

22.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 30, 31, and 32 of the First Amended Complaint and therefore deny the same.

23.      Defendants deny the allegations in paragraphs 33 and 34 of Plaintiffs' First Amended Complaint.

24.      Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations in paragraph 35 of the First Amended Complaint and therefore deny the same.

25.      Defendants deny that either Plaintiff is entitled to the relief set forth in the WHEREFORE paragraph that follows paragraph 35 of the First Amended Complaint and is found on pages 9 and 10 of the First Amended Complaint, including subparagraphs A through I. Defendants deny that either Plaintiff is entitled to any relief against the Defendants.

26.      Defendants deny all allegations of violations of any Federal or Colorado Constitution or statute, and Defendants deny all allegations of improper acts or omissions.

27.      Defendants deny all allegations not otherwise expressly admitted herein.

### AFFIRMATIVE DEFENSES

1.      Plaintiffs' First Amended Complaint fails to state claims upon which relief can be granted against these Defendants.

2.      The relief sought by Plaintiffs in their First Amended Complaint seeks to infringe upon the First Amendment rights of the Defendants.

3.      To the extent either of the Plaintiffs has asserted any state law claims, Plaintiffs' claims and damages, if any, are barred by, subject to, and limited by the Colorado Governmental Immunity Act, §§ 24-10-101, *et seq.,* C.R.S.

4.      Plaintiffs' claims and damages, if any, were proximately caused by the acts or omissions of either or both of the Plaintiffs.

5.      Either of Plaintiffs' claims and damages, if any, were proximately caused by the improper acts or omissions of others over whom Defendants have no control nor right of control.

6.      To the extent either Plaintiff is asserting any state law claims, their claims and damages, if any, are subject to §§ 13-21-111.5, 13-21-111.6, and 13-21-102.5, C.R.S.

7.      Plaintiffs have each failed to mitigate reasonably his or their alleged damages, if any.

8.      Plaintiffs' claims are barred by the doctrine of qualified immunity.

9.      Plaintiffs' claims are barred by, subject to, and limited by the Charter, ordinances, and applicable laws of the Town of Estes Park.

10.     Plaintiffs' First Amendment claim is barred because it does not involve a matter of public concern.

11.     This Court lacks subject matter jurisdiction over Plaintiffs' claims.

12.     Plaintiffs' claims are barred by, subject to, and limited by the First Amendment to the United States Constitution.

13.     Plaintiffs' claims are barred by, subject to, and limited by Article II, §10 of the Colorado Constitution.

14.     Plaintiffs have failed to join a party under Fed. R. Civ. P. 19.

15.     Defendants are entitled to an award of attorney fees under 42 U.S.C. § 1988; §§ 13-17-101, and 201, C.R.S.; and § 24-10-110, C.R.S.

16.     Plaintiff Freedom From Religion Foundation, Inc. lacks standing to bring any claim against these Defendants.

17.     Plaintiffs' claims are subject to and barred by the provisions of the Recall Statutes, C.R.S. §31-4-501, et seq.

18.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

19.     Plaintiffs' claims are barred for failure to contest the recall election in state court.

20.     Defendants reserve the right to add additional affirmative defenses upon completion of discovery and investigation.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendants pray that the same be dismissed, with prejudice, and that judgment be entered in favor of Defendants and against both Plaintiffs, and that Defendants be awarded their attorney fees, costs, expenses, interest, and such other and further relief as this Court deems just and necessary.

## JURY DEMAND

Defendants hereby demand a trial to a jury of no less then 6 persons as to all issues so triable.

RESPECTFULLY SUBMITTED,

Steven J. Dawes

_Melinda L. Sanders_

Melinda L. Sanders

Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 300
Denver, Colorado 80202
Telephone: 303-298-1601
Facsimile: 303-298-1627
*Attorney for Defendants Town of Estes Park, Board
of Trustees of Estes Park, Greg White, John Baudek, and
Vickie O'Connor*

## CERTIFICATE OF SERVICE

The undersigned herein certifies that on this 26th day of May, 2005, a true and complete copy of the foregoing **ANSWER AND JURY DEMAND OF TOWN DEFENDANTS TO PLAINTIFFS' FIRST AMENDED COMPLAINT** was placed in the U.S. mail, first class postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO 80231

Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, P.C.
1350 17th St., Ste. 450
Denver, CO 80202

Dewey Shanks
P.O. Box 635
Estes Park, CO 80517

*Karina Batalla*