FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 1 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-N-153-EWN-MJW

DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO,
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO,
WAYNE NEWSOM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO,
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO,
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO,
ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT,
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT,

    Defendants.

---

### ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS NORMAN D. PRITCHARD AND RICHARD H. CLARK

---

    Defendants Estes Park Citizens for Responsible Government, and Norman D. Pritchard, and Richard D. Clark, as members of the Estes Park Citizens for Responsible Government

(hereafter collectively referred to as the "Committee"), hereby answer Plaintiffs' First Amended Complaint as follows:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

As to the allegations in the numbered paragraphs of Plaintiffs' First Amended Complaint,

1. The Committee hereby admits the allegations set forth in paragraphs 1, 2, 5, 6, 7, 8, 9, 10, 11, 16, 22, 23, 24 and 26 of Plaintiffs' First Amended Complaint;

2. The Committee hereby denies the allegations set forth in paragraphs 29, 30, 31, 32, 33, 34 and 35 of Plaintiffs' First Amended Complaint;

3. Regarding the allegations in paragraphs 4, 13, 14, 15, 18, 19, 20, 25 and 27 of Plaintiffs' First Amended Complaint, the Committee is without sufficient knowledge or information to respond to such claims, and therefore denies the same;

4. Regarding the allegations of paragraph 3 of Plaintiffs' First Amended Complaint, the Committee admits that Habecker is an adult citizen of the United States and Colorado but denies that he is a Trustee of the Town of Estes Park, Colorado;

5. Regarding the allegations of paragraph 12 of Plaintiffs' First Amended Complaint, the Committee admits that Estes Park Citizens for Representative Government is a committee formed pursuant to Colorado law but denies the remaining allegations of said paragraph.

6. Regarding the allegations of paragraph 17 of Plaintiffs' First Amended Complaint, the Committee admits that Board meetings are held twice a month, that such meetings are public,

and that the Pledge of Allegiance has been recited at such meetings, but is without knowledge or information as to the remaining allegations set forth therein, and therefore denies the same;

7. Regarding the allegations of paragraph 21 of Plaintiffs' First Amended Complaint, the Committee admits that the quoted statements appear in the recall petition as a part thereof, but states that such quoted portion does not constitute the entire recall petition;

8. Regarding the allegations of paragraph 28 of Plaintiffs' First Amended Complaint, the Committee admits the text of the Pledge of Allegiance and denies the remaining allegations of said paragraph;

9. The Committee denies each and every allegation not admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by both the First Amendment to the United States Constitution and Article XXI of the Colorado Constitution.

2. Pursuant to the provisions of the Colorado Constitution and statutes lawfully adopted pursuant thereto, each and every elected official in the State of Colorado is subject to recall from elected office at the will of the electorate, which body electorate is vested with the reserved power to be the sole and exclusive judge of the legality, reasonableness and sufficiency of the ground or grounds upon which such recall is sought.

3. The actions of the defendants complained of do not constitute state action under the color of law thus barring any claim pursuant to 42 U.S.C. § 1983.

4. The Committee and its members are not state actors within the meaning of 42 U.S.C. § 1983.

5. Plaintiffs' claims against the Committee are barred by the doctrines of absolute and qualified immunity.

6. Plaintiffs' claims are barred by their failure to exhaust available state law and administrative remedies.

WHEREFORE, the Committee respectfully requests that judgment enter in their favor and against Habecker, that the issuance of a preliminary injunction be vacated and denied, and that the Recall Election be ordered to proceed.

Respectfully submitted this 26th day of May, 2005.

> HAYES, PHILLIPS, HOFFMANN
> & CARBERRY, P.C.
>
> By: _/s/ Herbert C. Phillips_
> HERBERT C. PHILLIPS
> Attorney for Defendants Pritchard and Clark
> 1350 17th Street, Suite 450
> Denver, CO 80202
> Telephone: 303-825-6444
> Fax: 303-825-1269

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 24th day of May, 2005, a true and correct copy of the within **ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS NORMAN D. PRITCHARD AND RICHARD H. CLARK** was served on the following by depositing same in the U.S. mail, postage prepaid, addressed as follows:

Robert R. Tiernan, Esq.
3165 S. Waxberry Way
Denver, CO 80231

Steven J. Dawes, Esq.
Light, Harrington & Dawes, P.C.
1512 Larimer Street, Suite 300
Denver, CO 80202

*/s/ Karen J. Allspach*