REC'D JUN 1 3 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00153-EWN-MJW

DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
WAYNE NEWSOM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO;
ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT,

    Defendants.

## PRELIMINARY PRE-TRIAL ORDER

### 1. DATE OF CONFERENCE

The Preliminary Pre-Trial Conference herein is to be held on Monday, June 20, 2005, at 1:30 p.m.

## 2. JURISDICTION

Subject matter jurisdiction is based on the allegations that in the circumstances of this case recitation of the Pledge of Allegiance (1) violated the Establishment Clause, the Free Exercise of Religion Clause, and the Free Speech Clause of Amendment One to the United States Constitution, (2) constituted a religious test for public office in violation of Article Six of the United States Constitution, (3) constituted denial of due process and equal protection under Amendment Fourteen to the United States Constitution, and (4) violated Plaintiff David Habecker's right to religious freedom guaranteed by Article Two, Section 4 of the Colorado Constitution. In addition, it is alleged that (1) the Court has the power to fashion a remedy and issue a declaratory judgment pursuant to 28 U.S.C. §2201 and §2202, and (2) the individual defendants are state actors within the meaning of 42 U.S.C. §1983. Plaintiffs see no reason why jurisdictional issues cannot be determined in advance of trial.

## 3. CLAIMS AND DEFENSES

a.  Plaintiffs:  Plaintiffs seek a declaratory order from the Court that the Pledge of Allegiance is unconstitutional as a governmental endorsement of religion. Plaintiffs also allege that the Pledge is unconstitutional under the circumstances of this case because (1) it abridges the right to free speech, (2) free exercise of religion, and (3) amounts to a religious test for public office. The recall of Plaintiff Habecker was unconstitutional because it put these constitutional rights up for a vote. The recall was illegal because the recall petition contained statements which were false and misleading and the election was not conducted in accordance with C.R.S. 31-4-501, *et. seq.*

2

b. Defendant(s):

Defendants Town of Estes Park, Board of Trustees of the Town of Estes Park, Lori Jeffrey-Clark, Sue Doylen, Chuck Levine, Wayne Newsom, Bill Pinkham, John Baudek, Vickie O'Connor, and Greg White ("Town Defendants") state that they did not require Mr. Habecker to recite the pledge of allegiance at any town meeting. Town Defendants state that with respect to the recall election, they acted in accordance with state law and statutes, which set forth ministerial procedures that are to be performed by the Town Clerk and governing board of the municipality. These statutory duties are ministerial only. Town Defendants further state that the Verified Complaint fails to state a claim upon which relief can be granted, and they will file a dispositive motion in which they seek dismissal of the Complaint. Defendants deny that they have violated any of Mr. Habecker's state or federal constitutional, statutory, or common law rights.

Town Defendants assert the following affirmative defenses: failure to state a claim; the relief sought by Plaintiffs in their Complaint seeks to infringe upon the First Amendment rights of the Defendants; To the extent of the Plaintiffs have asserted any state law claims, Plaintiffs' claims and damages, if any, are barred by, subject to, and limited by the Colorado Governmental Immunity Act, §§24-10-101, *et seq.*, C.R.S.; Plaintiffs' claims and damages, if any, were proximately caused by the acts or omissions of Plaintiffs; Plaintiffs' claims and damages, if any, were proximately caused by the improper acts or omissions of others over whom Defendants have no control nor right of control; to the extent Plaintiffs are asserting any state law claims, Plaintiffs' claims and damages, if any, are subject to §§ 13-21-111.5, 13-21-111.6, and 13-21-102.5, C.R.S.; Plaintiffs have failed to mitigate reasonably his alleged damages, if any; Plaintiffs' claims are barred by the doctrine of qualified

3

immunity; Plaintiffs' claims are barred by, subject to, and limited by the Charter, ordinances, and applicable laws of the Town of Estes Park; Plaintiffs' First Amendment claim is barred because it does not involve a matter of public concern; this Court lacks subject matter jurisdiction over Plaintiffs' claims; Plaintiffs' claims are barred by, subject to, and limited by the First Amendment to the United States Constitution; Plaintiffs' claims are barred by, subject to, and limited by Article II, §10 of the Colorado Constitution; Plaintiffs have failed to join a party under Fed. R. Civ. P. 19; Defendants are entitled to an award of attorney fees under 42 U.S.C. § 1988; §§ 13-17-101, and 201, C.R.S.; and § 24-10-110, C.R.S.

Town Defendants further allege that Plaintiff Freedom From Religion Foundation, Inc. lacks standing to bring any claim against these Defendants; that Plaintiffs' claims are subject to and barred by the provisions of the Recall Statutes, C.R.S. *§31-4-501*, et seq.; that Plaintiffs' claims are barred by the doctrines of waiver and estoppel; and that Plaintiffs' claims are barred for failure to contest the recall election in state court.

Defendants Pritchard and Clark contend that they are not state actors within the meaning of 42 U.S.C. § 1983. They further claim that the Court lacks jurisdiction pursuant to 42 U.S.C. § 1983, since neither the actions of the individual defendants nor the Town of Estes Park constitute state action under color of law pursuant to the rule enunciated by the United States Supreme Court in *City of Cuyahoga Falls v. Buckeye Community Hope Foundation*, 538 U.S. 188 (2003). Defendants Pritchard and Clark also contend that Plaintiff Habecker's claims relating to his recall are barred by repeated holdings of the Colorado appellate courts and federal courts prohibiting judicial inquiry into the grounds for recall. Defendants Pritchard and Clark contend that, even accepting the allegations

4

of Plaintiff Habecker's Verified Complaint as true, the Verified Complaint fails to state a claim upon which relief can be granted, and they will shortly file a motion to dismiss or in the alternative for summary judgment.

## 4. PENDING MOTIONS

None.

## 5. WITNESSES

a. Witnesses are as listed in the parties' Fed. R. Civ. P. 26(a)(1) filings.

b. The names, addresses, and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known. *See* Fed. R. Civ. P. 26(a)(3). Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

c. **Disclosure of Expert Testimony.** No later than eleven days after entry of this Preliminary Pretrial Order, any party with the burden of proof on an issue shall serve all other parties with a report which shall identify any person whom that party expects to call as an expert witness at trial under Fed. R. Evid. 702. Except as otherwise stated in this paragraph, the report shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). Within eleven days after such service, any other party wishing to call a rebuttal expert shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). This Preliminary Pretrial Order requires rule 26(a)(2)(B) reports from *any* person who will provide expert testimony — including,

for example, a treating physician — except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702").

## 6. REMAINING DISCOVERY

a. **Depositions:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objections to Taking Now |
|---|---|---|---|---|
| ~~Mayor John Baudek~~ | ~~July 12, 2005~~ | ~~3:00 p.m.~~ | ~~1 ½ hours~~ | These depositions have all been scheduled prior to the discovery cut-off. There are no objections. |
| ~~Lori Jeffrey-Clark~~ | ~~July 12, 2005~~ | ~~4:30 p.m.~~ | ~~1 ½ hours~~ | |
| ~~Richard Clark~~ | ~~June 21, 2005~~ | ~~4:00 p.m.~~ | ~~1 ½ hours~~ | |
| ~~Norman Pritchard~~ | ~~June 21, 2005~~ | ~~1:00 p.m.~~ | ~~1 ½ hours~~ | |
| ~~Dee Pritchard~~ | ~~June 21, 2005~~ | ~~2:30 p.m.~~ | ~~1 ½ hours~~ | |
| ~~Dill Pinkham~~ | ~~June 22, 2005~~ | ~~10:30 a.m.~~ | ~~1 ½ hours~~ | |
| ~~Greg White~~ | ~~July 12, 2005~~ | ~~1:00 p.m.~~ | ~~1 ½ hours~~ | |
| ~~Vickie O'Connor~~ | ~~July 12, 2005~~ | ~~10:30 a.m.~~ | ~~1 ½ hours~~ | |
| David Habecker | June 16, 2005 | 10:00 a.m. | 7 hours | |

*(handwritten in margin: MJW 6-20-05)*

b. **Interrogatories and Requests for Documents:** The current discovery cut-off is July 15, 2005. The parties have exchanged Interrogatories or Requests for Production and responses are due June 15, 2005.

c. **Requests for Admissions:** The current discovery cut-off is July 15, 2005. The parties

6

have exchanged Requests for Admission. Plaintiffs' responses are due June 15, 2005, while the Town Defendants' responses are due July 10, 2005.

**d. Other Discovery Orders and Issues:** None.

## 7. SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a.  They met by telephone on June 9, 2005, to discuss in good faith the settlement of this case.

b.  The following persons participated in the settlement conference:

For plaintiffs:   Counsel Robert R. Tiernan, Esq.

For defendants:   Counsel Melinda Sanders, Esq.

*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; Lori Jeffrey-Clark, Trustee of the Town of Estes Park, Colorado; Sue Doylen, Trustee of the Town of Estes Park, Colorado; Chuck Levine, Trustee of the Town of Estes Park, Colorado; Wayne Newsom, Trustee of the Town of Estes Park, Colorado; Bill Pinkham, Trustee of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado; and Greg White, Town Attorney for the Town of Estes Park, Colorado.*

For defendants:   Counsel Herbert C. Phillips, Esq.

*Attorney for Defendants Estes Park Citizens for Representative Government; Norman D. Pritchard, Member, Estes Park Citizens for Representative Government; and Richard H. Clark, Member, Estes Park Citizens for Representative Government.*

7

c. The parties were promptly informed of all offers of settlement.

d. Counsel do not intend to hold future settlement conferences prior to the close of discovery.

e. It appears from the discussion by all counsel that there is no possibility of settlement.

f. The following specific problems have created a hindrance to settlement of this case: A constitutional issue is involved.

g. The date of the next settlement conference before the magistrate judge is June 20, 2005.

## 8. SPECIAL ISSUES

a. Discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: None.

b. Any other issues which the court may wish to consider prior to the Final Pretrial Conference: None.

## 9. TRIAL AND ESTIMATED TRIAL TIME

a. Trial is to a jury, for three (3) days in Denver, Colorado.

b. Subject to other matters on the court's docket, the trial date and a date for a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled. Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trial at any time after the Final Pretrial Conference. Specifically, counsel and the parties will strictly observe (a) the discovery cutoff date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

*[handwritten annotation, initialed MJW 6-21-05]:* There are both equitable and legal claims in this case and therefore the legal claims shall be heard by the jury and the equitable claims shall be heard by the court.

8

## 10. EFFECT OF PRELIMINARY PRETRIAL ORDER

The Preliminary Pretrial Order may be altered or amended upon a showing of good cause.

## 11. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

The parties unanimously agree to waive the Preliminary Pre-Trial Conference. If the court approves, all parties will be notified before the Preliminary Pretrial Conference.

* * * * *

DATED this  20th  day of  June , 2005.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge

PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:

Robert R. Tiernan
3165 S. Waxberry Way
Denver, CO 80231
(303) 671-2490
Fax: (303) 743-7810
*Attorney for the Plaintiffs*

_____
Steve Dawes, Esq.
Melinda Sanders, Esq.
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202
(303) 298-1601
*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; Lori Jeffrey-Clark, Trustee of the Town of Estes Park, Colorado; Sue Doylen, Trustee of the Town of Estes Park, Colorado ; Chuck Levine, Trustee of the Town of Estes Park, Colorado; Wayne Newsom, Trustee of the Town of Estes Park, Colorado; Bill Pinkham, Trustee of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado; and Greg White, Town Attorney for the Town of Estes Park, Colorado*


_____
Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, PC
1350 17th Street #450
Denver, CO 80202
(303) 825-6444
*Attorney for Defendants Estes Park Citizens for Representative Government; Norman D. Pritchard, Member, Estes Park Citizens for Representative Government; and Richard H. Clark, Member, Estes Park Citizens for Representative Government*

Please affix counsel's signatures before submission of the Preliminary Pretrial Order to the court.

Steve Dawes, Esq.
Melinda Sanders, Esq.
Light, Harrington & Dawes, PC
1512 Larimer Street #300
Denver, CO 80202
(303) 298-1601
*Attorneys for Defendants Town of Estes Park, Colorado; Board of Trustees of the Town of Estes Park, Colorado; Lori Jeffrey-Clark, Trustee of the Town of Estes Park, Colorado; Sue Doylen, Trustee of the Town of Estes Park, Colorado ; Chuck Levine, Trustee of the Town of Estes Park, Colorado; Wayne Newsom, Trustee of the Town of Estes Park, Colorado; Bill Pinkham, Trustee of the Town of Estes Park, Colorado; John Baudek, Mayor of the Town of Estes Park, Colorado; Vickie O'Connor, Town Clerk of the Town of Estes Park, Colorado; and Greg White, Town Attorney for the Town of Estes Park, Colorado*

Herbert C. Phillips, Esq.
Hayes, Phillips, Hoffmann & Carberry, PC
1350 17th Street #450
Denver, CO 80202
(303) 825-6444
*Attorney for Defendants Estes Park Citizens for Representative Government; Norman D. Pritchard, Member, Estes Park Citizens for Representative Government; and Richard H. Clark, Member, Estes Park Citizens for Representative Government*

Please affix counsel's signatures before submission of the Preliminary Pretrial Order to the court.