IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00153-OWN-MJW

DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
WAYNE NEWSOME, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO;
ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT,

    Defendants.

---

**INTERVENOR UNITED STATES OF AMERICA'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
CROSS-MOTION FOR SUMMARY JUDGMENT,
AND SUPPORTING BRIEF**

---

The Intervenor United States of America, by its undersigned counsel, pursuant to Rules

12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss this action. In the alternative, pursuant to Rule 56 of those Rules, the United States cross-moves for summary judgment. The material facts are not in dispute in this case, and the United States is entitled to judgment as a matter of law with respect to plaintiffs' challenge to the constitutionality of the Pledge of Allegiance statute and the practice of the Trustees of the Town of Estes Park of reciting the Pledge at their meetings.

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF UNDISPUTED MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    PLAINTIFFS LACK STANDING TO PURSUE
    THEIR CHALLENGES TO THE  PLEDGE
    STATUTE AND TO THE TOWN'S PLEDGE
    PRACTICE, AND, IN ANY EVENT, THOSE
    CHALLENGES ARE MOOT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    THE PLEDGE OF ALLEGIANCE STATUTE IS
    CONSTITUTIONAL, AS IS THE PRACTICE OF
    THE TRUSTEES IN RECITING THE PLEDGE
    AT THEIR MEETINGS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

**CASES**

American Iron & Steel Inst. v. OSHA,
    182 F.3d 1261 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bell v. United States,
    127 F.3d 1226 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Elk Grove Unified Sch. District v. Newdow,
    ___ U.S. ___; 124 S. Ct. 2301 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Environmental Protection Information
Center v. Pacific Lumber Co.,
    257 F.3d 1071 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lee v. Weisman,
    505 U.S. 577 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9

 Marsh v. Chambers,
    463 U.S. 783 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Newdow v. Bush,
    ___ F. Supp. 2d ___; 2005 WL 2234110
     (D.D.C. Sept. 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Newdow v. The Congress of the United States,
    __ F Supp.2d __ ; 2005 WL 2229873
    (E.D. Cal. Sept. 14, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Newdow v. U.S. Congress,
    292 F.3d 597 (9th Cir. 2002),
    amended, 328 F.3d 466 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Steel Co. v. Citizens for a Better Env't,
    523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

West Virginia Bd. of Ed. v.Barnette
    319 U.S. 624 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATUTES**

        4 U.S.C. § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

**BRIEF IN SUPPORT**

Introduction

In its September 12, 2005 Brief in Opposition to Plaintiffs' Motion for Summary Judgment (docket no. 77), the Intervenor United States of America advanced two basic arguments in response to plaintiffs' claims in this litigation. First, the United States argued that plaintiffs lack standing to challenge either the federal Pledge of Allegiance statute, 4 U.S.C. § 4, or the practice of the Board of Trustees of the Town of Estes Park of reciting the Pledge at their meetings, and that plaintiff David Habecker's claims are in any event moot in view of his having been recalled from his Trustee position by the voters at a March, 2005 election.[1] Second, the United States argued that, if this Court reaches the merits of plaintiffs' constitutional arguments, the Court should find that the Pledge of Allegiance, and the Trustees' practice, are both constitutional.[2]

The United States now moves to dismiss plaintiffs' constitutional claims and, in the alternative, moves for summary judgment with respect to those claims.[3] It incorporates by reference its previous arguments. The principal new point it addresses is the intervening decision of a district court in the Eastern District of California, which recently held unconstitutional the practice of several California public school districts of reciting the Pledge of Allegiance in their

---

[1] See Brief of the United States of America in Opposition to Plaintiffs' Motion for Summary Judgment ("US Brief"), at 6-12.

[2] Id., at 13-44.

[3] The United States' arguments are limited to plaintiffs' challenges to the constitutionality of the Pledge of Allegiance (their Establishment Clause, "free exercise," and Article VI claims) and the Town's practice of reciting the Pledge at Trustee meetings. It takes no position on plaintiffs' various state law and state constitutional claims.

elementary and secondary schools.  <u>Newdow v. The Congress of the United States et al.</u> , ___ F. Supp. 2d ___; 2005 WL 2229873 (E.D. Cal. Sept. 14, 2005).  As shown below, that decision is incorrect and, in any event, is distinguishable in its factual context from the claims asserted here.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The United States submits the following statement of undisputed material facts:

1.  The Board of Trustees of Estes Park is comprised of six Trustees and the Mayor. Scheduling Order (May 10, 2005)(docket no. 54), Undisputed Facts, ¶ 3.

2.  Plaintiff David Habecker, an adult citizen, was a Trustee from 1984 to March, 2005. <u>Id.</u>, ¶¶ 1, 9, 18.

3.  The Board conducts formal meetings twice a month, and it is the duty of each Trustee to attending the meetings, which are open to the public.  <u>Id.</u>, ¶ 11.

4.  Beginning in May, 2004, the Mayor announced a new policy of formally opening Board of Trustee meetings with the Pledge of Allegiance.  <u>Id.</u>

5.  When the Mayor led the Pledge at the September 14, 2004 Board meeting, plaintiff Habecker remained seated and refrained from saying the Pledge.  <u>Id.</u>

6.  Thereafter, a committee was formed to recall Habecker from office.  <u>Id.</u>, ¶ 13.

7.  A recall election occurred in March, 2005, and Habecker lost the recall election and his seat on the Board of Trustees.  <u>Id.</u>, ¶ 18.

8.  The Mayor and Trustees have refused Habecker's request to cease recitation of the Pledge at town meetings, and the Pledge continues to be recited at the beginning of its meetings. <u>Id.</u>, ¶ 19.

9.  Recitation of the Pledge of Allegiance at Board of Trustee meetings was not mandatory

of any Trustee.  There are no ordinances, statutes, or other requirements that require anyone to recite the Pledge of Allegiance at Board of Trustee meetings.  Recitation was and is a voluntary act.  Affidavit of Gregory A. White (Town Attorney for the Town of Estes Park), ¶¶ 1-2.

10.  Trustees are not required to recite the Pledge of Allegiance as a qualification to their office as Trustee.  Id.

The United States also notes this fact pertinent to Habecker's standing:

1. Plaintiff Habecker testified at his deposition that he would "probably not" seek re-election as a Trustee.  Deposition of David Habecker, June 16, 2005, p. 10, lines 8-11.[4]

**ARGUMENT**

I. **PLAINTIFFS LACK STANDING TO PURSUE THEIR CHALLENGES TO THE PLEDGE STATUTE AND TO THE TOWN'S PLEDGE PRACTICE, AND, IN ANY EVENT, THOSE CHALLENGES ARE MOOT.**

In its September 12, 2005, Brief, the United States demonstrated that plaintiffs' challenge to the constitutionality of 4 U.S.C. § 4 ("the Pledge statute") should be dismissed because plaintiffs lack standing to challenge the Pledge statute.  That statute does not compel anyone to recite the Pledge, or to lead others in reciting it.  U.S. Brief, at 7-8.  For example, plaintiff Habecker has not been injured by the existence of the statute; instead, his challenge is to the independent decision of the Trustees to recite the Pledge at their meetings.  Id., at 8-10.

---

[4] Facts can be presented in support of motions to dismiss for lack of subject matter jurisdiction without converting such motions to motions for summary judgment.  Bell v. United States, 127 F.3d 1226, 1228 (10th Cir. 1997)(noting the general rule, the exception being if "the jurisdictional question is intertwined with the merits of the case")(citation omitted).

Moreover, plaintiff Habecker's "injury" arises out of the separate action of the Town voters recalling him as a Trustee.  Because Habecker does not seek injunctive relief, and does not challenge the voters' decision to recall him, his "injury" is not redressable and his claims as to the Pledge are also moot.  Id., at 10-12.  The United States incorporates by reference its arguments on standing from its September 12, 2005 brief.[5]

## II. THE PLEDGE OF ALLEGIANCE STATUTE IS CONSTITUTIONAL, AS IS THE PRACTICE OF THE TRUSTEES IN RECITING THE PLEDGE AT THEIR MEETINGS.

Recitation of the Pledge of Allegiance is a "patriotic exercise" designed to "foster national unity and pride in those principles [our flag symbolizes]."  Elk Grove United School Dist. v. Newdow, 542 U.S. 1, __; 124 S.Ct. 2301, 2305 (2004); see also id. at 2317 (Rehnquist, C.J., concurring) ("the Pledge itself is a patriotic observance focused primarily on the flag and the Nation, and only secondarily on the description of the Nation")("Elk Grove").  The Establishment Clause does not forbid the government from officially acknowledging the religious heritage, foundation, and character of the Nation.  See US Brief, at 13-20.

A recent decision from the Eastern District of California has taken a contrary position.  In Newdow v. The Congress of the United States, ___ F. Supp. 2d ___; 2005 WL 2229873 (E.D. Cal. Sept. 14, 2005), Senior Judge Lawrence Karlton held unconstitutional the practice of several California school districts of reciting the Pledge of Allegiance in public schools.  Judge Karlton

---

[5] The United States notes a recent decision in which an objector to clergy prayer at the January 20, 2005 Presidential inauguration was found to lack standing to challenge such prayer, and his claims were held to be moot.  Newdow v. Bush, ___ F.Supp. 2d __; 2005 WL 2234110 (D.D.C. Sept. 14, 2005); see US Brief, at 16.  As the United States argued, plaintiff Habecker's challenge to the Trustees' recitation practice is moot given his status as a former Trustee.  See U.S. Brief, at 11-12.

relied upon a February 28, 2003 decision of the Ninth Circuit that had held unconstitutional, under the Establishment Clause, the policy of Elk Grove School District of reciting the Pledge. Newdow v. U.S. Congress, 328 F.3d 466, 485-90 (9th Cir. 2003).  The Supreme Court reversed that ruling in June, 2004, holding that the plaintiff, Michael Newdow, lacked standing to pursue the case - he did not have custody of his daughter who attended a public school in that school district.  Elk Grove, 124 S.Ct. at 2308.[6]

Judge Karlton found that plaintiff Newdow did not have standing (his custody situation had not changed), but other parent-plaintiffs did have standing.  2005 WL 2229873, at *6-8. Judge Karlton also found that he was "bound" by the Ninth Circuit's prior ruling, reasoning that the Supreme Court's reversal of that ruling had been based on "prudential standing" grounds, not on Article III jurisdictional grounds.  Id., at *8-9.  Judge Karlton then noted that the Ninth Circuit had "applied the 'coercion test'" formulated in Lee v. Weisman, 505 U.S. 577, 580 (1992), and had concluded that the school district's pledge policy "impermissibly coerces a religious act." Id., at *10.  As in Lee, which involved prayer at high school graduation ceremonies, the Ninth Circuit reasoned, students were placed "in the untenable position of choosing between participating in an exercise with religious content or protesting."  328 F.3d at 488.  The Ninth

---

[6] In an earlier opinion, the Ninth Circuit had held that Newdow did have standing as a parent to challenge practices that interfered with his right to direct the religious education of his daughter, and also found that both the Pledge of Allegiance statute and the school district's policy violated the Establishment Clause.  Newdow v. U.S. Congress, 292 F.3d 597, 607-12 (9th Cir. 2002).  The Ninth Circuit amended that opinion in its February, 2003 decision, omitting the rulings's discussion of Newdow's standing to challenge the Pledge of Allegiance statute and, Judge Karlton explained, "declined to determine whether Newdow was entitled to declaratory relief regarding the Act's constitutionality, explaining that because the district court did not discuss whether to grant declaratory relief it would also decline to reach that issue." 2005 WL 2229873 at *3, citing 328 F.3d at 468.

5

Circuit had observed that the "coercive effect" of the policy "is particularly pronounced in the school setting given the age and impressionability of school children. . . ." Id. The Ninth Circuit did not believe that the "non-compulsory participation" in reciting the Pledge distinguished the school district's situation from West Virginia State Bd. of Ed. v. Barnette, 319 U.S. 624 (1943), which held unconstitutional a school district's policy of punishing students who refused to recite the Pledge and salute the Flag. "[E]ven without a recitation requirement for each child, 'the mere presence in the classroom every day as peers recite the statement "one nation under God" has a coercive effect.'" Id., at *10, citing 328 F.3d at 488. In addition, the "'subtle and indirect' social pressure which permeates the classroom also renders more acute the message to non-believing school children that they are outsiders." Id., citing 328 F.3d at 488 n.5. The school district's policy failed the "coercion test," and the Ninth Circuit therefore concluded that the school district's policy and practice of "teacher-led recitation of the Pledge, with the inclusion of the added words 'under God,' violates the Establishment Clause." Id., at 490.

Judge Karlton emphasized that the school policy at issue in the litigation was identical to that in the Elk Grove case; because "this court is bound by the Ninth Circuit's holding" in the prior litigation, "it follows that the school districts' policies violate the Establishment Clause." 2005 WL 2229873 at *10.[7]

Judge Karlton also resolved the claims of the plaintiff parents that they had attended school board meetings where the Pledge had been recited, and, as a result they asserted, they were

---

[7] Because Judge Karlton had resolved plaintiffs' claims insofar as they related to "the in-class pledges," and, "upon proper motion," would issue "an appropriate injunction," once that injunction issued, plaintiffs would no longer "suffer from an injury-in-fact" requiring redress, so "any claims relating to [the] federal statute must be dismissed." Id., at *11.

6

"branded with a 'political outsider' status" because they did not recite the Pledge. Id., at *11 (citation omitted). Judge Karlton rejected those arguments, emphasizing that "[t]he Pledge itself does not compel recitation anywhere, at any time." Id. Plaintiffs were complaining instead about a school board policy or practice, but the complaint did not seek relief from that practice. In any event, "the present status of Establishment Clause jurisprudence compels rejection of plaintiffs' claim in this regard." Id. Judge Karlton distinguished the practice of reciting the Pledge "in the context of adults attending a school board meeting" from the recitation of the Pledge in the classroom. In the Lee case, the Supreme Court had explained "the inherent differences" between religious activity involving students in a public school system on the one hand, and, for example, prayer said at the opening of a session of a state legislature, the issue decided in Marsh v. Chambers, 463 U.S. 783 (1983). The Supreme Court in Lee had expressly contrasted the student's situation from that of the "atmosphere" of the opening of a state legislative session "where adults are free to enter and leave with little comment and for any number of reasons cannot compare with the constraining potential of the [student's graduation]." Lee, 505 U.S. at 596. Judge Karlton then remarked that the parents' claim "must be rejected because both the Ninth Circuit and the Supreme Court have applied the coercion test and the 'outsider' status claim with great restraint, recognizing it only in the context of children who are more likely to be pressured and negatively impacted." In this case, the plaintiffs are adults who, "like the legislators in Marsh, are 'free to enter and leave' at the opening of a school board session." Id., at *11.

Judge Karlton's invalidation of the school districts' Pledge practices is incorrect for several fundamental reasons. First, the decision proceeds on an erroneous premise that the Ninth Circuit's ruling invalidating the school districts' Pledge policies had "binding" effect on the

7

district court. The opinion cites no authority for the principle that a decision that has been reversed on standing grounds has <u>any</u> precedential weight on the merits.[8] Thus, even accepting the premise that a court "may reach the merits despite a lack of prudential standing," it does not "follow[]" that "where an opinion is reversed on prudential standing grounds, the remaining portion of the . . . decision binds the district courts below." 2005 WL 2229873, at *9. Indeed, had the Ninth Circuit's February 2003 decision remained the "law" notwithstanding the Supreme Court's June 2004 decision, the recitation of the Pledge would have been ultra vires conduct in school districts within the Circuit's jurisdiction. But that, of course, was not the case, as evidenced by the fact that Newdow and his co-plaintiffs had to institute a new action challenging the school districts' Pledge practices.

Second, the Ninth Circuit's ruling essentially rested on a mistaken legal premise, that the voluntary recitation of the Pledge of Allegiance can be equated with a prayer. As the United States demonstrated in its prior brief, the Pledge is <u>not</u> a prayer to a deity.[9] Accordingly, the

---

[8] The two cases cited do not support the proposition that a court can assume prudential standing and then reach the merits of the dispute and rule in favor of the party found to have lacked standing. In <u>American Iron & Steel Inst. v. OSHA</u>, 182 F.3d 1261, 1274 n.10 (11th Cir. 1999), certain plaintiffs were assumed to have standing, but the court rejected their claims. Although that case cited <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83 (1998), for the proposition that a court can "pretermit prudential standing issues in order to resolve cases where the merits are relatively easy," Judge Karlton made no finding that the "merits are relatively easy" with respect to a challenge to the Pledge of Allegiance. In <u>Environmental Protection Information Center, Inc. v. Pacific Lumber Co.</u>, 257 F.3d 1071, 1074-76 (9th Cir. 2001), the issue was whether a party who had ultimately secured a favorable judgment could appeal in order to challenge a district court's findings that had supported a previously-entered preliminary injunction. The Court ruled that the party could do so. The <u>Newdow</u> court's parenthetical that the decision "suggest[s] review of the merits prior to a prudential standing determination is proper where 'the parties retain a stake in the controversy satisfying Article III'" is not supported by any statement or ruling made in that decision.

[9] US Brief, at 31-37.

8

Ninth Circuit's reliance on Lee v. Weisman was misplaced, as is Judge Karlton's decision in relying on that analysis.

Finally, even if the recent Newdow decision had some logical force, that decision, in any event, is of no assistance to plaintiffs in this case.  That is because plaintiffs challenge the practice of the Town Trustees in reciting the Pledge at their meetings.  Judge Karlton properly acknowledged that the factual situation of the parent plaintiffs was meaningfully different from their children.  Just as Judge Karlton rejected the parent plaintiffs' claims of "outsider status" caused by being exposed to recitation of the Pledge at school board meetings, this Court similarly can reject plaintiffs' challenge to the recitation of the Pledge at the Town Trustee meetings.  Like the adult plaintiffs in Newdow, plaintiff Habecker is a mature adult.  Being exposed to the recitation of the Pledge of Allegiance at a Town meeting is not coercive.  See US Brief, at 37-42.

CONCLUSION

For the foregoing reasons, and for the reasons stated in the United States' September 12, 2005 Brief, this Court should reject plaintiffs' challenge to the constitutionality of the Pledge of Allegiance and to the Town's practice of reciting the Pledge at its Board of Trustee meetings.

Dated: September 28, 2005                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        FELIX V. BAXTER
                                        Branch Director

                                        WILLIAM J. LEONE
                                        United States Attorney

                                        KEVIN TRASKOS
                                        Assistant United States Attorney


                                        s/ Theodore C. Hirt
                                        THEODORE C. HIRT
                                        (D.C. Bar 242982)
                                        Assistant Director
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W. #7106
                                        P.O. Box 883
                                        Washington, D.C. 20530
                                        Telephone:  (202) 514-4786
                                        E-mail: theodore.hirt@usdoj.gov
                                        Fax:  (202) 616-8470

                                        Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 28, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

jwells1960@netzero.com
sdawes@lhdlaw.com
dostermeier@lhdlaw.com
lcochran@lhdlaw.com
hcphillips@hphclaw.com
mla@hphclaw.com

and I hereby certify that I have mailed the foregoing to the following non CM/ECF participant in the manner indicated by the non-participants' name:

Dewey Shanks               via U.S. Mail
P.O. Box 635
Estes Park, CO 80517

                                        s/ Theodore C. Hirt
                                        THEODORE C. HIRT
                                        (D.C. Bar 242982)
                                        Assistant Director
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W. #7106
                                        P.O. Box 883
                                        Washington, D.C. 20530
                                        Telephone: (202) 514-4786
                                        E-mail: theodore.hirt@usdoj.gov
                                        Fax: (202) 616-8470

                                        Attorney for the United States of America