**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-CV-00153-EWN-MJW

DAVID HABECKER and THE FREEDOM FROM RELIGION FOUNDATION, INC.,

    Plaintiffs,

v.

TOWN OF ESTES PARK, COLORADO;
BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO;
LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
WAYNE NEWSOME, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO;
JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO;
VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO;
GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO;
ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
DEWEY SHANKS, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT;
NORMAN D. PRITCHARD, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT; and
RICHARD H. CLARK, MEMBER, ESTES PARK CITIZENS FOR REPRESENTATIVE GOVERNMENT,

    Defendants,

and

UNITED STATES OF AMERICA,

    Intervenor Defendant.

**REPLY BRIEF IN SUPPORT OF THE TOWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS**

Defendants, TOWN OF ESTES PARK, COLORADO; BOARD OF TRUSTEES OF THE TOWN OF ESTES PARK, COLORADO; LORI JEFFREY-CLARK, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO; SUE DOYLEN, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO; CHUCK LEVINE, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO; WAYNE NEWSOME, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO; BILL PINKHAM, TRUSTEE OF THE TOWN OF ESTES PARK, COLORADO; JOHN BAUDEK, MAYOR OF THE TOWN OF ESTES PARK, COLORADO; VICKIE O'CONNOR, TOWN CLERK OF THE TOWN OF ESTES PARK, COLORADO; and GREG WHITE, TOWN ATTORNEY FOR THE TOWN OF ESTES PARK, COLORADO, (hereinafter "Town Defendants") by their attorneys, STEVEN J. DAWES and SOPHIA H. TSAI of LIGHT HARRINGTON & DAWES, P.C., and pursuant to Fed.R.Civ.P. 56, hereby submit their Reply Brief in Support of their Motion for Summary Judgment, or in the Alternative, Motion to Dismiss as follows.

## I.     REPLY CONCERNING UNDISPUTED FACTS

Plaintiffs admit the facts 1-8, 10-19, 21, and 23 of the Town Defendants' Statement of Undisputed Facts. Therefore, these facts are undisputed.

With respect to the facts Plaintiffs deny, the Town Defendants make the following reply.

9.     Plaintiffs do not support their denial of this fact with any specific reference to material in the record. Therefore, Plaintiffs cannot contradict the evidence submitted by the Town Defendants that the Petition conformed with the requirements of Colorado law (C.R.S. § 31-4-501, *et seq*.) and that the Town Defendants followed the requirements of that statute (*see* Exhibit B to Town Defendants' Brief, ¶ 3) and this fact is undisputed.

20. Plaintiffs do not support their denial of this fact with any specific reference to material in the record. Therefore, Plaintiffs have not provided specific facts to refute the evidence submitted by the Town Defendants that Mr. Habecker was not required to recite the Pledge at Town board meetings (*see* Exhibit C to Town Defendants' Brief, ¶¶ 3). Thus, this fact is undisputed.

22. Plaintiffs do not support their denial of this fact with any specific reference to material in the record. Moreover, Plaintiffs' statement that "Mr. Habecker was recalled for refusing to recite the Pledge of Allegiance" is contrary to the facts already admitted by Plaintiffs. (*See* Town Defendants' Statement of Undisputed Facts ¶ 7, showing that the basis for Mr. Habecker's recall stated in the Recall Petition was Mr. Habecker's failure to disclose his position on the Pledge at the time of his election). Plaintiffs cannot refute with specific facts that Mr. Habecker was not required to recite the Pledge as a prerequisite to serving as a Town Trustee (*see* Exhibit C to Town Defendants' Brief, ¶¶ 4), and this fact is undisputed.

## II. PLAINTIFFS HAVE CONCEDED THAT THEY ARE NOT ENTITLED TO RELIEF ON CERTAIN CLAIMS BECAUSE THEY FAILED TO PRESENT ANY COUNTERARGUMENT

In their Brief in Support of their Motion for Summary Judgment, the Town Defendants argued that the recall statute is not unconstitutional on the grounds that it indiscriminately provides for the recall of a public official because the Colorado Constitution provides that the electors shall be the sole and exclusive judges of the legality, reasonableness, and sufficiency of the grounds of a recall, and that the electors may recall an official for any reason. *See Brooks v. Zabka,* 450 P.2d 653 (Colo. 1969). Therefore, a court may not inquire into the sufficiency of a recall petition without infringing upon the powers of the people, and any such action is in error.

3

*See Bernzen v. City of Boulder*, 525 P.2d 416 (Colo. 1974); *Groditsky v. Pinckney*, 661 P.2d 279 (Colo. 1983). Further, the Town Defendants argued that the Town Defendants did not abuse their discretion because they reset the recall election as soon as it was practicable and followed the requirements of the Colorado Recall Statute (C.R.S. § 31-4-501, *et seq*.).

In their Opposition Brief, Plaintiffs have not made any counterarguments on these issues. When a plaintiff's opposition addresses only some of the arguments raised in a defendant's dispositive motion, a court may treat the arguments that the plaintiff failed to oppose as conceded.  *See Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58 (D.C. Cir. 1997); *Stephenson v. Cox*, 223 F.Supp.2d 119 (D.D.C. 2002); *see also American Standard Ins. Co. v. Savaiano*, 298 F.Supp.2d 1092 (D.Colo. 2003) (when no counterargument is offered for a factual assertion, that fact is deemed undisputed).  Therefore, Plaintiffs have conceded these arguments, and summary judgment must enter in favor of the Town Defendants on these issues.

### III.   THE PLEDGE IS CONSTITUTIONAL

The Town Defendants first note that Plaintiffs appear to confuse the arguments related to the constitutionality of the Pledge itself and the arguments related to the constitutionality of the recitation of the Pledge at Town board meetings, as these arguments are intermingled throughout Plaintiffs' Brief.  For the sake of clarity, the Town Defendants address each of these arguments in separate sections.

Plaintiffs contend that *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624 (1943) supports their argument that the phrase "under God" in the Pledge of Allegiance ("Pledge") is an unconstitutional declaration of "belief" rather than an acknowledgement of the Nation's history, as argued by the Town Defendants.  However, *Barnette* does not support Plaintiffs' argument.

4

Specifically, the issue in *Barnette* involved Jehovah's Witnesses who refused to salute the flag because the flag was a "graven image." *Barnette* does not address the phrase "under God,"[1] and consequently, it does not state what Plaintiffs claim – that the phrase "under God" in the Pledge is a statement of belief.

As discussed in the Town Defendants' Summary Judgment Briefs (in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of their own), the mere inclusion of the words "under God" does not make the Pledge an invalid religious statement. In dicta, the United States Supreme Court has discussed the Pledge, including its reference to God, as a permissible acknowledgment of the Nation's religious heritage and character. *See, e.g., Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 6 (2004) (Stevens, J., dictum); *Lynch v. Donnelly*, 465 U.S. 668 (1984) (Burger, C.J., dictum) (relying in part on the phrase "under God" in the Pledge as an acknowledgment of our nation's religious history in upholding the constitutionality of a city's nativity scene notwithstanding its religious significance); *County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573 (1989) (Blackmun, J., dictum) (distinguishing the religious nature of the Pledge from that of a crèche display in holding that the crèche display in a county courthouse violated the Establishment clause).

Plaintiffs argue that the Town Defendants' citation of dicta from *Lynch* and *Allegheny* is not persuasive because other Supreme Court dicta conflicts with the material cited. However, as noted in the Town Defendants' Brief in Support, United States Supreme Court opinions are binding not only with respect to the final opinion, but are also binding with respect to the parts of the opinion that were necessary to the final result. *See Seminole Tribe v. Florida*, 517 U.S. 44,

---

[1] In fact, the phrase "under God" was not even added to the Pledge at the time *Barnette* was decided, as it was not added until 1954.

5

67 (1996). In *Lynch* and *Allegheny,* the Supreme Court relied upon dicta that the Pledge is a constitutional acknowledgement of our nation's religious history in reaching its holding that the religious displays at issue in those cases were or were not constitutional. Therefore, the Court's statements in *Lynch* and *Allegheny* supporting the Pledge's constitutionality are decisive. *See, e.g., Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996), *cert. denied*, 517 U.S. 1211.

In contrast, the dicta submitted by Plaintiffs come entirely from dissenting opinions. (*See* Plaintiffs' Opposition Brief, pp. 13-14, *citing Wallace v. Jaffree*, 472 U.S. 38 (1985) (Burger, C.J., dissenting; *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1 (1989) (Scalia, J., dissenting); *Lee v. Weisman*, 505 U.S. 577 (1992) (Scalia, J., dissenting); *Elk Grove Unified Sch. Dist v. Newdow*, 542 U.S. 1 (2004) (Thomas, J., dissenting)). As these dicta are gleaned from dissenting opinions, it cannot be an integral part of the rationale upon which the holdings of those cases were based. As such, the dicta cited by Plaintiffs do not hold the same weight as that cited by the Town Defendants and should be disregarded.

Plaintiffs rely on Justice Breyer's opinion in two recent cases regarding displays of the Ten Commandments in support of their Pledge arguments. *See McCreary County, Kentucky v. ACLU*, 125 S.Ct. 2722 (2005) (Breyer, J., joining in plurality opinion); *Van Orden v. Perry*, 125 S. Ct. 2868 (2005) (Breyer, J., concurring). However, these cases actually support the Town Defendants' argument that the Pledge is constitutional. In *Van Orden*, Justice Breyer voted to uphold the constitutionality of the display because it emphasized the historical significance of the Ten Commandments. However, in *McCreary*, Justice Breyer agreed that displays which are used to advance religion are unconstitutional. In other words, a display of the Ten

6

Commandments is constitutional when it is not used to advance religion, and merely emphasizes the historical significance of the Ten Commandments.

In this case, the recitation of the Pledge at Town board meetings was not used to advance religion.[2] Further, there is substantial support for the Town Defendants' argument that the language of the Pledge acknowledges our Nation's religious history. (*See* Town Defendants' Brief in Support, pp. 12-14.) Therefore, pursuant to the holdings of *McCreary* and *Van Orden*, the Pledge is constitutional.

As discussed in the Town Defendants' Brief, Plaintiffs bear the burden of overcoming the presumption of constitutionality of the Pledge statute. *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32 (1963). Plaintiffs have failed to meet this burden, and summary judgment in favor of the Town Defendants on this issue should be granted.

### IV.   THE RECITATION OF THE PLEDGE AT TOWN BOARD MEETINGS IS CONSTITUTIONAL

Plaintiffs do not dispute that an action may be a violation of the Establishment Clause only when government "orchestrates 'the performance of a formal religious exercise' in a fashion that practically obliges the involvement of a non-participant." *Myers v. Loudoun County Public Schools*, 418 F.3d 395 (4th Cir. 2005), *quoting Lee v. Weisman*, 505 U.S. 577 (1992). As discussed below and in the Town Defendants' Brief in Support, Plaintiffs have failed to demonstrate that Mr. Habecker was coerced to participate in a formal religious exercise, and therefore, Plaintiffs cannot establish the elements of their claim that the recitation of the Pledge at Town board meetings is unconstitutional.

---

[2] Further, there is no evidence to support an argument that the Pledge was used to advance religion.

### A.    Recitation of the Pledge is not a Religious Activity

Plaintiffs submit no credible argument that the Pledge is a religious activity which makes the recitation of the Pledge a "religious exercise" for purposes of an Establishment Clause analysis.[3]  Plaintiffs ignore the case law cited by the Town Defendants which specifically holds that the Pledge is a patriotic activity, not a religious one.  *See Myers, supra, quoting Texas v. Johnson*, 491 U.S. 397, 405 (1989); *see also Elk Grove, supra*; *Engel v. Vitale,* 370 U.S. 421 (1962).  Thus, that the Pledge is not a religious activity is a fact that should be deemed admitted by Plaintiffs.  As discussed in the Town Defendants' Brief in Support, because the recitation of the Pledge is not a formal religious exercise, there can be no violation of the Establishment Clause from its recitation.

### B.    Habecker Was Not Coerced Into Reciting the Pledge

Further, even if the recitation of the Pledge is a religious exercise, Plaintiffs' claim must fail because they cannot demonstrate that Mr. Habecker was <u>coerced</u> into reciting the Pledge.  *See Virginia State Board of Education v. Barnette*, 319 U.S. 624 (1943).  As noted above, Plaintiffs have not presented any specific facts to support their contention that Mr. Habecker was coerced into reciting the Pledge; rather, Plaintiffs simply deny the truth of the facts presented by affidavit in the Town Defendants' Brief in Support.  Thus, the undisputed facts are that Mr. Habecker was not required to recite the Pledge at Town board meetings and that he could (and

---

[3] Plaintiffs only make the non-sensical argument that the Town Defendants' argument is analogous to putting a donkey in a rodeo and calling it a horse.  However, this statement does not overcome the Town Defendants' argument that the Pledge is not a "religious activity."  Moreover, even if this "argument" could be given any credence, it still does not help Plaintiffs overcome their burden on summary judgment because it does not present any specific facts to support their argument.  Mere arguments of counsel, unsupported by evidence, do not constitute evidence in support of a motion.  *See State v. Wynne,* 767 P.2d 373 (N.M. App. 1988), *citing State v. Jacobs*, 701 P.2d 400 (N.M. App. 1985); *State v. Foster*, 489 P.2d 408 (N.M. App. 1971).

did) opt out from reciting the Pledge. As discussed in the Town Defendants' Brief in Support, because Mr. Habecker was not coerced into reciting the Pledge, the recitation of the Pledge is constitutional, and Plaintiffs claim in this regard must be dismissed on summary judgment.

### 1. Plaintiffs' Reliance on School Cases is Misplaced.

In their Opposition Brief, Plaintiffs rely solely on cases involving student participation in activities at school. However, these cases do not support Plaintiffs' argument that Mr. Habecker was coerced.

In *Newdow v. U.S. Congress*, 328 F.3d 466 (9th Cir. 2003), *rev'd on other grounds*, 542 U.S. 1 (2004), the 9th Circuit noted that the coercive effect of a policy "is particularly pronounced in the school setting given the age and impressionability of schoolchildren." Thus, a situation which might be coercive to a student would not necessarily be coercive to an adult. The district court in *Newdow* illustrated this distinction nicely when it held that the recitation of the Pledge in schools was unconstitutional in the same opinion that it held that the voluntary recitation of the Pledge by parents at school board meetings is not coercion and is constitutional. *See Newdow v. Congress of the U.S.*, 383 F.Supp.2d 1229 (E.D. Cal. 2005).

Mr. Habecker is not a student; rather his situation in this case is similar to that of parents at school board meetings, not students in public schools. Accordingly, he was not coerced and the Town's pledge practice at its board meetings is constitutional.

### 2. The Fact That An Elected Official Can Be Recalled For Any Reason Is Not Coercion.

Plaintiffs argue that Mr. Habecker was coerced because the Town's electorate recalled him for his stance on the Pledge. As discussed in the Town Defendants' Brief in Support, this argument holds no merit because the right to recall officials for any reason is a fundamental right

9

of voters. *See Bernzen v. City of Boulder*, 525 P.2d 416 (Colo. 1974). Moreover, the Recall Petition plainly states that the petitioners sought Mr. Habecker's recall because he failed to disclose his position regarding the Pledge at the time of his election. (*See* Town Defendants' Brief in Support, Undisputed Fact No. 7). Thus, Mr. Habecker was not recalled because of his stance on the Pledge, but rather for his failure to disclose that position.

Plaintiffs apparently assert that the approximately 160 e-mails submitted in Exhibit C to their Opposition Brief support their argument that Mr. Habecker was recalled because of his stance on the Pledge ("153 stated they would vote against Habecker because of his stance on the Pledge." (Plaintiffs' Opposition Brief, n. 11.)).[4] However, Plaintiffs fail to note that at least 133 of the senders do not reside in the Town of Estes Park, and consequently, they were not entitled to vote for or against Mr. Habecker. Thus, the bulk of the messages in Plaintiffs' Exhibit C have no relevance to the issues in this case.

Moreover, the individual opinions of voters regarding Mr. Habecker are irrelevant to the present case. The fact that individuals may have chosen to vote against Mr. Habecker in the recall election because of his stance on the Pledge does not change the primary reason for his recall stated in the Recall Petition – that the electors had lost confidence in Mr. Habecker because he failed to disclose his position on the Pledge at the time of his election.

### V.   PLAINTIFFS CANNOT SHOW THAT THE RECITATION OF THE PLEDGE IS A RELIGIOUS TEST

Plaintiffs refer to their Motion for Summary Judgment in support of their argument that the recitation of the Pledge constituted a religious test for office. However, a review of

---

[4] Further, as noted in the Town Defendants' Brief in Opposition to Plaintiffs' Motion for Summary Judgment, the Town Defendants also dispute Plaintiffs' characterization of the content of these e-mails.

10

Plaintiffs' Summary Judgment Brief reveals several pages of argument regarding the applicability of Article VI of the United States Constitution to states, but little in the way of argument, much less concrete facts, which support that the recitation of the Pledge at Town board meetings is a religious test. (*See* Plaintiff's Summary Judgment Brief, pp. 14-16.)

As discussed above and in the Town Defendants' Brief in Support, even assuming Article VI can be enforced against the States, Plaintiffs cannot establish that the recitation of the Pledge at Town board meetings was a religious test for office because they have not established that it is not a religious exercise. Further, Plaintiffs have not met their burden of presenting specific facts beyond the allegations in their First Amended Complaint to refute that Mr. Habecker was required to recite the Pledge as a qualification for serving as a Town trustee. (*See* Town Defendants' Brief in Support, Undisputed Fact No. 22.) As discussed in the Town Defendants' Summary Judgment Briefs, because reciting the Pledge was not a religious exercise, and because Mr. Habecker was not required to recite it in order to serve as a Town trustee, Plaintiffs' claim that the recitation of the Pledge is an unconstitutional religious test must fail.

## V.  THE RECALL STATUTE IS CONSTITUTIONAL

The only argument Plaintiffs present in response to the Town Defendants' discussion regarding the constitutionality of the Recall Statute (C.R.S. §§ 31-4-501, *et seq.*) is that "the [electorate] cannot be allowed to override protection of [Habecker's] right to the basic liberties guaranteed by the First Amendment and Article Six of the U.S. Constitution."[5] The power of recall is a fundamental right of voters which the people reserved for themselves and this

---

[5] Plaintiffs cite to *Barnette* in support of this statement. However, the Town Defendants' analysis of *Barnette* reveals nothing which supports this statement.

reservation of power must be liberally construed in favor of the right of the people to exercise it. *See Brooks v. Zabka*, 450 P.2d 653, 655 (Colo. 1969). Further, the right to become a candidate for office is not a right protected by the First Amendment. *See Snowden v. Hughes*, 321 U.S. 1 (1944). To follow Plaintiffs' reasoning puts the rights of Mr. Habecker as an elected official over the fundamental right of the electorate to recall officials. This argument is contrary to the law and the basic principles of our government system. Therefore, Mr. Habecker's right to be a Town Trustee cannot trump the fundamental rights of the electorate, and Plaintiffs' argument in this regard must fail.

Plaintiffs have failed to present any argument or facts which overcome the presumption of constitutionality afforded to the Colorado Recall Statute. *See Petron, supra*; *Board of County Commissioners v. Vail Assoc., Inc.*, 19 P.3d 1263, 1272 (Colo. 2001). Therefore, for the reasons stated in the Town Defendants' Brief in Support, summary judgment must enter in favor of the Town Defendants' on Plaintiffs' claim that the Recall Statute is unconstitutional.

## VI. PLAINTIFFS HAS FAILED TO ESTABLISH THAT THEY ARE ENTITLED TO RELIEF PURSUANT TO 42 U.S.C. § 1983

The Town Defendants argue that Plaintiffs are not entitled to relief under 42 U.S.C. § 1983 because (1) Plaintiffs have not alleged a deprivation of a federally protected right (s*ee Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994); *Snowden, supra*); and (2) there was no state action. Plaintiffs do not present any counterargument on the first issue. Therefore, Plaintiffs have conceded that they have not been deprived of a federally protected right, and they are not entitled to relief under § 1983. *See Bender, supra; Stephenson, supra; Savaiano, supra.* As such, summary judgment in favor of the Town Defendants is appropriate.

Moreover, Plaintiffs still have not proven any state action. Plaintiffs refer to their Brief in Support of their Motion for Summary Judgment in this regard. In that Brief, Plaintiffs do not contend that that the Town was involved in filing the Recall Petition. Thus, Plaintiffs do not dispute the Town Defendants' argument that the Town was not involved in seeking Mr. Habecker's recall, and that there was no "state action" by the Town is a fact that has been conceded by Plaintiffs.

However, Plaintiffs contend that Defendants Shanks, Pritchard, Clark, and the Estes Park Citizens for Representative Government ("Non-Town Defendants") were state actors within the meaning of § 1983. In support of their contention, Plaintiffs cite only to their Brief in Support of Their Motion for Summary Judgment. As discussed more fully in the Town Defendants' Summary Judgment Briefs, Plaintiffs' argument that the Non-Town Defendants were state actors fails because they cannot establish that the Non-Town Defendants: (1) relied on governmental assistance; (2) performed a traditional government function; or (3) caused any injury that was made more severe by "the incidents of government function." *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991). Consequently, Plaintiffs' claims for relief for constitutional violations must fail.

### VII.   PLAINTIFFS DO NOT HAVE STANDING

In order to prevail on their claim that the Pledge is unconstitutional, Plaintiffs must clearly allege the facts demonstrating standing to do so. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). In order to establish standing, Plaintiffs must show (1) that they have suffered (or will suffer) an "actual or imminent" injury; (2) that is fairly traceable to the challenged action; and (3) that is likely to be redressed by a favorable decision. *See Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), *citations omitted*.  Moreover, Plaintiff Freedom From Religion Foundation must demonstrate that it has associational standing by showing (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the suit.  *See Day v. Sebelius*, 376 F.Supp.2d 1022 (D. Kan. 2005).

Plaintiffs still have not demonstrated that they have standing to challenge the Pledge and its recitation, and therefore their claims must be dismissed.  The Town Defendants join in the arguments raised in Intervenor United States of America's Reply Brief in this regard.

## VII. PLAINTIFFS MUST FOLLOW THE REMEDY PROVIDED BY THE RECALL STATUTE TO CHALLENGE THE GROUNDS OF THE PETITION.

Plaintiffs argue that they do not need to exhaust their remedies because their claims are based on 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202.  *See Steffel v. Thompson*, 415 U.S. 452 (1974).  However, Plaintiffs have made claims which are not based upon § 1983.  Specifically, Plaintiffs have challenged the grounds for the Petition and the Town Defendants' procedure in holding the Recall Election.  Thus, Plaintiffs' claims are not based solely on 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202.  As discussed in the Town Defendants' Brief in Support, with respect to Plaintiffs' challenge to the grounds of the Petition, the Recall Statute provides the sole remedy for such a challenge.  As this claim is not based on 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs must follow the procedure in the Recall Statute for challenging the sufficiency of the Petition.

### IX.   PLAINTIFFS HAVE FAILED TO MEET THEIR BURDEN ON SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c).  The party moving for summary judgment bears the initial burden of establishing that there are no genuine issues of fact in dispute and that it is entitled to judgment as a matter of law.  *See Celotex v. Catrett,* 477 U.S. 317 (1986); *Fancher v. Clark,* 127 F.Supp. 452, 455-456 (D. Colo. 1954).  In this case, the Town Defendants have met this initial burden in their Motion for Summary Judgment and Brief in Support.

As such, the burden shifts to the Plaintiffs to affirmatively establish, beyond a reasonable doubt, a genuine issue on the merits of the case.  *See* Fed.R.Civ.P. 56(e); *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125 (10th Cir. 1998); *Washington County Board of Equalization v Petron Development Co.*, 109 P.3d 146 (Colo. 2005); *Scholz v. Metro Pathologists, P.C.*, 851 P.2d 901, 905 (Colo. 1993), *cited in Garhart v. Columbia/Healthone, L.L.C.*, 95 P.3d 571 (Colo. 2004).  As Plaintiffs bear the burden of proof at trial to establish the elements of their claims, they cannot merely rely on the allegations in the pleadings and deny the truth of the facts offered by the Town Defendants to meet their burden.  Instead, Plaintiffs must set forth specific facts which demonstrate that there are genuine issues for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); Fed.R.Civ.P. 56(e).

In this case, Plaintiffs do not offer specific facts in opposition to the Town Defendants' Motion for Summary Judgment; rather, they submit only the allegations first raised in their First Amended Complaint.  (*See* § I, Reply Concerning Undisputed Facts, supra.)  Although the

Plaintiffs submit affidavits and deposition testimony with their Opposition Brief, the affidavits do not present any material facts supporting Plaintiffs' claims[6] and the testimony simply repeats the allegations in the First Amended Complaint.  As demonstrated by the Town Defendants' Summary Judgment Briefs and herein, Plaintiffs have failed to demonstrate that there are any genuine issues concerning the merits of the case and they cannot prove the necessary elements of their claims.  Therefore, an Order granting the Town Defendants' Motion for Summary Judgment is appropriate.  *See Celotex, supra.*

## X.   CONCLUSION

Plaintiffs have failed to meet their burden on summary judgment.  None of the statutes and practices challenged by Plaintiffs are unconstitutional and Plaintiffs' constitutional rights have not been violated.  Therefore, for the reasons stated above and the Town Defendants' Summary Judgment Briefs, summary judgment dismissing all claims asserted by Plaintiffs' in their First Amended Complaint should be granted.

---

[6] The affidavit of Annie Laurie addresses only Plaintiff Freedom From Religion Foundation's standing and the affidavit of David Habecker serves only to authenticate Plaintiffs' Exhibit C.

Respectfully Submitted,


s/ Steven J. Dawes
Steven J. Dawes


s/ Sophia H. Tsai
Sophia H. Tsai
Light, Harrington & Dawes, P.C.
1512 Larimer St., Suite 300
Denver, CO 80202
Telephone: 303-298-1601
Facsimile: 303-298-1627
Email:  sdawes@lhdlaw.com
          stsai@lhdlaw.com
*Attorneys for the Town Defendants*

17

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on November 14, 2005, I electronically filed the foregoing **REPLY BRIEF IN SUPPORT OF THE TOWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jwells1960@netzero.com (Robert R. Tiernan, Esq.)

hcphillips@hphclaw.com (Herbert C. Phillips, Esq.)

theodore.hirt@usdoj.gov (Theodore Hirt, Esq.)


and I hereby certify that I have mailed the foregoing **REPLY BRIEF IN SUPPORT OF THE TOWN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION TO DISMISS** to the following non CM/ECF participants in the manner indicated by the non-participant's name:

Dewey Shanks               *Via U. S. Mail*
P.O. Box 635
Estes Park, CO  80517

Gregory Alan White, Esq.   *Via U. S. Mail*
1423 West 29th Street
Loveland, CO  80538


　　　　　　　　　　　　　　　　___s/  Sophia H. Tsai_____